No. 39.—James J. Ray, administrator of W. W. Dennis, deceased, plaintiff in error, *vs.* Isaac Dennis, defendant in error.

[1] Where the demands are *mutual*, a set-off will be allowed in favor of a defendant, in an action brought by an executor, or administrator, on a demand due his testator, or intestate, in his life-time.

[2.] Where a judgment was rendered against an intestate in his life-time, as principal, and his security, which judgment was paid by the security, since the death of the intestate : *Held*, that such payment, under the Statutes of this State, had relation to the date of the judgment, so as to enable the security to remunerate himself out of the property of his principal.

[3.] Where a defendant pleads a set-off against an administrator, for a larger amount than his intestate's demand, the plaintiff may reply, by proving that his intestate's estate is insolvent, and that there are outstanding debts of higher dignity than defendant's set-off, sufficient to exhaust the assets in his hands, for the purpose of protecting the administrator from an absolute judgment, under the Statute.

Assumpsit, tried before Judge Floyd, in Crawford Superior Court, February Term, 1848.

The action was brought in the Court below, upon five several promissory notes, made by the defendant to the plaintiff's intestate in his life-time, three of them payable to said intestate, and the others payable to others.

To this action the defendant pleaded, as a set-off, a judgment, recovered by one Richard Harvey, against said intestate as principal, and the defendant as his security, and which had been paid

off by the defendant ; and he claimed to control the same under the Statute of this State, in such cases provided.

A motion was made by plaintiff's counsel, to strike out the plea of the set-off, upon the following grounds :

1st. Because no plea of set-off lies to an action by an executor or administrator, and because the allowance of the plea might defeat the provisions of the Statute appointing the order in which the debts of deceased persons are to be paid by their personal representatives.

Which motion was overruled by the Court, and the parties ordered to proceed with the cause.

The notes were read in evidence to the jury, and the plaintiff closed.

The counsel for the defendant then offered in evidence the record of the case, set forth in the plea of set-off, with the execution issued upon the judgment, with the several entries indorsed thereon, which was admitted and read in evidence to the jury, and the defendant closed ; the said evidence, showing that the said intestate was principal, and the defendant security, and the defendant's payment thereof.

The plaintiff then offered to prove that the payments made by the defendant upon said *fi. fa.* were made subsequent to the death of the said intestate, which said testimony was rejected by the Court, upon the ground that the said judgment upon which the said *fi. fa.* issued, was a debt against the said intestate in his life-time.

2d. That said intestate was insolvent, and that there are debts outstanding of a higher dignity than defendant's set-off, sufficient to take the entire amount of available assets, which had come to the hands of the plaintiff, which said testimony was likewise repelled by the Court, upon the ground that the pleadings did not authorise the reception of such testimony.

The cause was then submitted under the charge of the Court, and a verdict rendered, sustaining the plea of set-off to the amount of the principal and interest due upon the notes.

Whereupon the plaintiff's counsel excepted, and insists that the Court below committed error—

1st. In refusing to strike out said defendant's plea of set-off upon the grounds taken and urged by plaintiff's counsel upon that motion.

Ray *vs.* Dennis.

2d. In rejecting the testimony offered by plaintiff, to prove that the payments made upon the *fi. fa.* set-off by the defendant, were made after the death of the plaintiff's intestate.

3d. In rejecting the testimony offered by plaintiff, to prove that the estate of said intestate was insolvent, and that there were debts outstanding of higher dignity than defendant's set-off, of sufficient amount to consume all the assets which had come to plaintiff's hands, belonging to the estate of the said intestate.

HALL & WIMBERLY, for plaintiff in error, contended:

1st. The Court erred in refusing to strike out the plea of set off. *Chitty on Con.* 841. *Schley's Dig. tit.* `Stat. Ind. Pr.* 25, 422, 228. *Foster's case,* 1 *Coke R.* 62, *b.* 63, *a. Harrison vs. Walker,* 1 *Kelly,* 32. *Tinsley vs. Beall,* 2 *Kelly,* 134. *Johnson vs. Bridge,* 6 *Con.* 693. *Tollers' Exrs.* 258. 2 *Bla. Com.* 511. 1 *Story's Eq.* §579. *Doe, ex dem. Cofer vs. Flanagan,* 1 *Kelly,* 541. *Chitty on Con.* 842.

2d. That the Court erred in rejecting testimony offered to prove that defendant took up the *fi. fa.* after the death of plaintiff's intestate. *Theobald on Prin. & Surety,* 227, 228, 232, 233. *Prince,* 436, 461, 470. *French vs. Fenn,* 3 *Doug. R.* 257. *Crawford vs. Beall, Dudley R.* 204. *Lumpkin vs. Mills,* 1 *Kelly,* 511. *Toller, Bk.* 3, *ch.* 11, §3. *Comyn's Dig. Pleader,* 2 *d.* 2. *Tucker vs. Tucker,* 1 *Nev. & Man.* 477. *Chitty on Con.* 849. *B. N. P.* 180. *Fry vs. Evans,* 8 *Wend.* 530. 20 *J. R.* 137. 6 *Taunt.* 448, 451. *Steward vs. Eden,* 1 *Caines' R.* 121. *Cramond, et al. vs. Bank of the U. S.* 1 *Binney,* 64. *Murray vs. Williamson,* 2 *Ib.* 155. *Hills vs. Tallman's Admrs.* 21 *Wend. R.* 674. *Barbour on sett off,* 129–135. *Granger vs. Granger,* 6 *Hammond R.* 41, cited in notes *G. & 1. Chitty on Con.* 849.

3d. That the Court erred in rejecting testimony offered to prove that there were debts outstanding, of higher dignity than defendant's set off, of sufficient amount to take all the assets belonging to plaintiff's intestate. 1 *Chitty Plea.* 526. 2 *Starkie Ev.* 321–326. 1 *Chitty's Plea.* 620, 607, 611, 606, *note (d.) Buller's N. P.* 180. *Prince,* 447.

HUNTER, for the defendant in error—

Insisted that the decision of the Court below, overruling the motion to strike out the plea of defendant, was correct. Defendant in error was sued upon sundry notes given by him to plaintiff's intestate; defendant's set-off consists of an execution obtained against plaintiff's intestate, in his life-time, and also against defendant in error, as his security. The question is, can this execution, which defendant in error has been compelled to pay off since the death of his principal, be set off against the action upon said notes, brought by the administrator of his principal? The Court below, held that it might, and I think, held correctly. The following among other authorities, support the decision of the Circuit Judge. *Theobald on Pr. & Sur.* 150, 1. *Dudley R.* 206–7. *Harper's S. C. R.* 423. 8 *Bacon,* 656. 13 *J. R. p.* 9. In an action brought by an administrator, defendant may rely upon his set-off though 12 months since taking out letters have not expired. 2 *Nott and McCord R.* 399. 3 *Stewart R. p.* 151.

But it is contended that the Court below erred in rejecting the proof tendered by plaintiff in error, on the trial, to show that the defendant in error paid off the *fi. fa.* after the death of his principal, E. W. Dennis, dec'd. I reply to this objection in the language of the Court below, that this execution was a judgment debt against principal and security, at the time of E. W. Dennis' death, and the time of payment is therefore immaterial. Could the plaintiff in *fi. fa.* have set off the same in a suit brought by Dennis' administrator against him? I say he might, for the reason, that the execution is the several as well as joint debt of E. W. and J. Dennis. *Chitty's Pl. p.* 603, *note* 2. 2 *T. R.* 32. Isaac Dennis, the security, having paid off the *fi. fa.* is subrogated to all the rights that the plaintiff in *fi. fa.* had, and entitled to enforce all his remedies. No authority need be cited to sustain this proposition, it having been recognised as good law by this Court.

But it is said farther, in argument, that the Court below erred in rejecting the testimony offered to prove that there were debts against the estate, of higher dignity than defendant's set-off, of sufficient amount to absorb all the assets belonging to plaintiff's intestate. I reply to this position by saying, that in this case, the pleadings did not admit of the introduction of the evidence; and again, it is well settled, that if the affairs of an estate are so much involved that they cannot be safely administered at law, the administrator

should file his Injunction Bill to stay proceedings at Law, and pray that the estate of his intestate may be distributed under the direction of a Court of Chancery. This is the proper remedy for an administrator in all cases of insolvent estates. 1 *Story's Comm.* 516–17. 2 *Vesey, Jr.* 518. 18 *Vesey,* 469. 4 *J. Ch. R.* 618. 2 *Vernon R.* 37.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The motion to strike out the plea of the defendant, on the ground that no plea of set-off lies to an action by an executor, or administrator, we think was properly overruled by the Court below.

The argument for the plaintiff in error, assumes that if the plea of set-off shall be allowed, it defeats the provisions of the Statute, directing the order in which the debts of deceased persons are to be paid, by their personal representatives. If the intestate was indebted to the defendant in his lifetime, in an equal or greater amount than the debt due from the defendant to the intestate, then, the intestate's demand, as against the defendant, was paid and extinguished by such indebtedness, and the note of the defendant in the hands of the intestate's administrator, cannot be considered as *assets,* for the reason it has been paid off and extinguished by the intestate's mutual indebtedness to the defendant, at the time of his death. The intestate, if in life, could not have recovered the amount of the note from the defendant, nor can his legal representative. The legal representative is required only to distribute the *assets* of his testator or intestate, which may legally be reduced into his possession, in the order pointed out by the Statute. If the debt of the defendant, held by the intestate at the time of his death, was paid by the intestate's indebtedness to him at that time, then, the note in the hands of the ad ministrator is not, in contemplation of law, assets, upon which the Statute, directing the order in which debts are to be paid can operate—that Statute only operates to direct the distribution of the assets, which belong to the testator or the intestate, and which the legal representative may *lawfully* reduce to possession in right of his testator, or intestate.

On the trial of the cause, it appears from the record, the defendant offered in evidence, in support of his plea of set-off, a

Ray *vs.* Dennis.

judgment rendered against the plaintiff's intestate in his lifetime, as principal debtor, and the defendant as his security.

[2.] The plaintiff then offered to prove that the defendant had paid off the judgment, as security, since the death of the intestate, which testimony was rejected by the Court, on the ground, that the judgment was a debt against the intestate in his lifetime, whereupon the plaintiff excepted. As a general proposition, it is undoubtedly true, that when a suit is brought on a demand due the testator or intestate, in his lifetime, by his legal representative, the defendant cannot plead as a set-off, a debt, or demand, which may have been created or purchased subsequent to the death of the testator or intestate; but here, the judgment was rendered against the intestate in his lifetime, and his legal liability, as well as that of his security, was *fixed* by the judgment. In *Bailey vs. Mizell*, 4 *Ga. Sup. Ct. Rep.* 129. We held, it was the intention of the Legislature, when the security paid off a judgment, to subrogate the surety, to all the rights of the plaintiff in the judgment. Had this suit by the administrator, been instituted against Haney, the plaintiff in the judgment, he would have been entitled to set-off the judgment against the plaintiff's demand. The defendant, who was the security for the intestate in that judgment, having paid it, now claims to occupy the same position, as the creditor to whom he paid it. The objection is, that the judgment was paid by the security, since the intestate's death. The answer is, that the payment was made to discharge a legal liability, *existing at the time of the intestate's death*, and although paid since, such payment has relation back to the date of the judgment, for the purpose of enabling the security to remunerate himself out of the property of his principal; in accordance with the proviso to the 4th section of the Act of 1826. *Prince*, 461. The rejection of the evidence offered by the plaintiff in the Court below, constitutes no ground of error, in our judgment, for the reason, when the payment was made by the security in the judgment, such payment had relation back to the date of the judgment, which was rendered in the lifetime of the intestate.

[3.] The record discloses that the judgment plead as a set-off, was for a larger amount than the plaintiff's demand. The 24th section of the Judiciary Act of 1799, provides that, "In all cases of mutual debts and sets-off, where the jury shall find a balance

for the defendant, such defendant may and shall enter up judgment for the amount, and take out execution in such manner as plaintiffs may do by this Act." *Prince*, 425.

The plaintiff offered to prove, on the trial, that the estate of his intestate was *insolvent*, and that there were debts outstanding of a higher dignity than defendant's set-off, sufficient to take the entire amount of the available assets which had come into the hands of the plaintiff, which testimony so offered, the Court rejected, on the ground that the pleadings did not authorize the reception of such testimony. Whereupon, the plaintiff excepted. We are of the opinion, under our system, as regulated by the 9th section of the Judiciary Act of 1799, the evidence ought to have been admitted, for the protection of the administrator. A set-off is in the nature of a *cross action*, and where the defendant's demand exceeds the plaintiff's, he is entitled to a judgment for the balance. An *absolute* judgment against the administrator, for such balance, in favor of the defendant under the Statute, would be conclusive evidence of assets against him, in an action for *devastavit*, founded on such judgment; as much so as if the judgment had been obtained in favor of a plaintiff against the administrator. According to the English rule of pleading, the plaintiff would have filed his replication to the defendant's plea; but special pleading is abolished here, and it is declared that the plaintiff's petition and the defendant's answer; shall be sufficient to carry the case to the jury, without *any replication* or other course of proceeding. *Prince*, 421. The defendant, at the trial, introduces evidence to establish his set-off, and the plaintiff wishes to show the defendant's demand was obtained by duress, or that it is barred by the Statute of Limitations, or that he was an infant when he gave the note, or any other fact which in law would avoid the defendant's plea—how is he to do it, unless he is permitted to *prove the facts*, and then call upon the Court to instruct the jury as to the law arising thereon? Such, it is believed, has been the construction given to the Judiciary Act of 1799. Instead of filing a *replication*, the plaintiff replies with his *evidence*, a practice, it must be acknowledged, not very well calculated to preserve, and exhibit to the Courts, in a foreign jurisdiction, a complete and entire record of the cause, and the issues involved in it. If the administrator could have shown in this case, that the estate of his intestate was *insolvent*, and that there were outstanding

debts of a higher dignity than the defendant's set-off, sufficient to exhaust the entire amount of the assets in his hands, we think he ought to have been permitted to have done so, by way of replication to the defendant's evidence; and upon such facts being proved, the defendant would not be entitled to an *absolute* judgment against the administrator, but to a judgment *quando acciderent*, in the same manner as if the suit had been instituted against the administrator by a plaintiff, on a demand against his intestate. The jury, however, in this case, not having found a verdict for any balance against the administrator, no *injury* has been done him, and there is no necessity for granting a new trial in this cause. Therefore, let the judgment of the Court below be affirmed.