CATHERINE A. BOYDEN *vs.* MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY.

Norfolk.    March 17, 1891. — May 19, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Life Insurance — Insolvent Estate of Deceased Person — Set-off.*

An insurance company issued two policies on the same life, one for the benefit of the wife of the assured and of their children, and the other for that of the wife and "in case of her decease prior to that of said assured, for his own order." An assignment of each policy was made in due form to the assured, of the former by the wife and children, who were then of full age, and of the latter by the wife. The wife died before the assured, whose estate upon his subsequent death turned out to be insolvent. The company had certain claims against the assured, a portion less in amount than the insurance being secured by valid assignments to it of the policies, and the rest being unsecured. *Held*, that the money due under the policies was to be administered as assets of the estate. *Held, also*, that the unsecured claims of the company might be set off against the proceeds of the policies.

CONTRACT upon two policies of life insurance.   Writ dated April 17, 1890.   The case was submitted to the Superior Court upon agreed facts, in substance as follows.

The plaintiff was the administratrix of the estate of Warren E. Boyden, who died in 1889.   The defendant company in 1864 issued its policy of insurance numbered 7,629 for $2,000, and in 1869 another numbered 22,307 for $3,000, both upon the life of Warren E., and each made payable " to the assured, his executors, administrators, or assigns."   The policy numbered 7,629 contained this clause : " Said sum insured being for the express benefit of Lucinda A. Boyden, wife of said assured, and their children."   The policy numbered 22,307 contained this clause : " Said sum insured being for the express benefit of Lucinda A. Boyden, wife of said assured, in case of her decease prior to that of said assured, for his own order."   The policies were in full force when Warren E. died, intestate, and due notice was given to the defendant, with proof of his death.   On June 27, 1882, Lucinda A. Boyden and the two children of Warren E. and herself, both of whom were then of full age, to enable him to obtain a loan on the policies, duly assigned all

their interest in policy numbered 7,629 to him, and on the same day Lucinda A. duly assigned to him policy numbered 22,307. In 1883 Lucinda A. died, leaving no creditors. In February, 1888, Warren E. borrowed $1,400 of the defendant and assigned to the defendant as collateral security for $600 thereof the policy numbered 7,629, and for the remaining $800 the policy numbered 22,307, which sums, with interest from July 1, 1889, were still due the company. In September, 1875, Warren E., together with one Mann, signed a joint and several promissory note payable on demand to the defendant for $6,000, secured by a mortgage on Mann's real estate, which mortgage unforeclosed the defendant still holds. At the death of the assured the $6,000 was due and unpaid, with interest from July 1, 1889. There was also due to the defendant from Warren E. $533.39, for borrowed money and for certain over drafts.

The plaintiff contended that she was entitled to recover as administratrix the amount of the policies, together with interest thereon from the time of demand, less the sums secured by the assignments of the policies to the company. The defendant contended (1) that she could not maintain this action; and (2) if she could maintain it, that the defendant was entitled to set off against her claim, in addition to its claims which were secured, those which were unsecured.

If the defendant's set-off was not allowed, judgment was to be entered for the plaintiff for the sum of $3,670.80; otherwise, judgment was to be entered for the defendant for the sum of $3,410.93. The Superior Court ordered judgment for the defendant for $3,410.93; and the plaintiff appealed to this court.

*T. E. Grover*, for the plaintiff.

*G. Wells*, for the defendant.

KNOWLTON, J. We have no occasion to consider whether an action can be maintained in the name of the administrator of an assured person, upon a policy of life insurance payable to " the assured, his executors, administrators, or assigns," which has been assigned as collateral security to the insurance company which issued the policy; for the parties have agreed that, if the defendant's set-off is not allowed, judgment is to be entered for the plaintiff, and if it is allowed, the judgment is to be for the defendant for the balance due.

The plaintiff, in the agreed statement of facts, has admitted the validity of the assignments of the policies to the defendant, so far as they purport to secure the debts which they were intended to secure. The questions in the case relate to the defendant's attempt to set off against the plaintiff's claims the independent debts due it from the assured at the time of his death.

These questions are two : first, whether the money due under the policies belongs to the administratrix as assets of the estate which are subject to the debts of the assured, and, secondly, whether these are " mutual debts or demands between the plaintiff and defendant," within the meaning of the Pub. Sts. c. 168, § 1, or are within the provision of § 12 of that chapter, which is as follows : " In an action by an executor or administrator, a demand against his testator or intestate which at the time of his death belonged to the defendant may be set off in the same manner as if the action had been brought by the deceased."

The policy numbered 7,629 was made " for the express benefit of Lucinda A. Boyden, wife of said assured, and their children." This policy was assigned to the assured in due form by Lucinda A. Boyden, and by their children, who were then of full age. Lucinda A. Boyden died before the assured. If no assignment had been made, the policy on her death would have inured to the sole benefit of the children. A policy in this form, taken out by the assured on his life, and expressed to be for the benefit of his wife, is not only secured to her by our statute, but, in the absence of any statutory provision, it would be in the nature of an executory trust for her benefit, of which she could not be deprived without her consent. Pub. Sts. c. 119, § 167. St. 1887, c. 214, § 73. *Gould* v. *Emerson*, 99 Mass. 154. *Knickerbocker Ins. Co.* v. *Weitz*, 99 Mass. 157. *Pingrey* v. *National Ins. Co.* 144 Mass. 374.

In the present case there is an express provision which declares the policy to be for the benefit of the children as well as of the wife, and on her death, if there had been no assignment, they would have become the sole beneficiaries. By virtue of their assignment, their interest passed to the assured, and the argument of the plaintiff that the assignment from the wife to

her husband was void becomes immaterial on account of her death in his lifetime. The proceeds of this policy are assets of the estate, to be administered for the benefit of creditors and distributees.

In the policy numbered 22,307 the following clause appears : " Said sum insured being for the express benefit of Lucinda A. Boyden, wife of said assured, in case of her decease prior to that of said assured, for his own order." The expression, " for his own order," is equivalent to " for himself," or " for his estate," and, by the terms of the policy, Lucinda A. Boyden, having deceased before him, the administratrix is entitled to the proceeds, to be administered as assets of the estate.

The debts which the defendant seeks to set off, and the claims which the plaintiff is trying to enforce, are all in the same right. The plaintiff sues in her official capacity, and, in a broad sense, these are " mutual debts or demands between the plaintiff and defendant in an action." The statute in relation to set-off is a remedial one, and is given a liberal construction. This case comes within the reason of the rule prescribed by the statute, and it fairly falls within the language of the Pub. Sts. c. 168, § 12, above quoted. The action is by an administratrix, and the demands against the intestate which are sought to be set off belonged to the defendant at the time of his death, and, by the terms of the statute, they " may be set off in the same manner as if the action had been brought by the deceased." It is contended on this language that the action could not have been brought by the deceased in his lifetime, and that therefore the statute is inapplicable. There are many cases in which it is held that there can be no set-off of a debt against the deceased, in an action brought by an administrator on a claim which has come into existence since the death of his intestate. But the case at bar is not within the principle on which these decisions are founded. The reason of the rule which is laid down in some of them is, that a set-off, under such circumstances, would improperly affect the distribution of the assets. In the present case the claims in favor of the plaintiff's intestate existed in full force the instant that her intestate died. Certain preliminaries, and the lapse of a certain time, were necessary before they became payable, but the liability which is now sought to be enforced existed

in the lifetime of the assured. The debts sought to be set off were then due. The equitable liability of the defendant was only for the amount of the policies diminished by the debts due it. We are of opinion that the statute should be applied in the same way as if the liability of the defendant were of a kind which could have been enforced by the plaintiff's intestate in his lifetime. Under a statute similar to our own, this rule has been laid down in *Skiles* v. *Houston,* 110 Penn. St. 254. See also *Adams* v. *Butts,* 16 Pick. 343 ; *Blackler* v. *Boott,* 114 Mass. 24 ; *Mathewson* v. *Strafford Bank,* 45 N. H. 104 ; *Ray* v. *Dennis,* 5 Ga. 357.

If it were doubtful whether the set-off could be allowed in this case, by virtue of the statutes in relation to that subject, there is another ground on which it would be permitted. It appears that the estate of the plaintiff's intestate is insolvent ; and it has often been held in this Commonwealth, that the right of set-off by the general provisions of law in relation to the settlement of insolvent estates of deceased persons includes debts against the deceased which are not due at the time of his death, and requires the adjustment of all claims on either side existing at that time, whether they were then payable or not. *M'Donald* v. *Webster,* 2 Mass. 498. *Bigelow* v. *Folger,* 2 Met. 255. *Phelps* v. *Rice,* 10 Met. 128. *Aldrich* v. *Campbell,* 4 Gray, 284.

The defendant's set-off is allowed ; and, in accordance with the agreement of the parties, judgment is to be entered for the defendant for the balance due. Under the Pub. Sts. c. 137, § 33, no execution can be issued on this judgment, but the judgment may be presented for allowance against the insolvent estate in the same manner as other claims of creditors.

*Judgment accordingly.*