THE STATE *v.* BROBSTON, receiver.

1. Where a bank which is a State depository becomes insolvent while indebted to the State, and its effects are in the hands of a receiver, depositors in the bank who are also indebted to it by promissory notes have the right to set off against such notes in the hands of the receiver the amounts justly due them respectively on their deposits. Such notes are assets of the bank upon which the State's lien takes effect only in so far as there may be balances due to the bank thereon after deducting the amounts of the respective deposits made *bona fide* while the bank did business and its effects were under its own control.

2. Under an order of the court directing the receiver "to allow parties indebted to said bank, where their promissory notes or other evidences of indebtedness are held by said bank, to set off and credit upon such evidences of indebtedness whatever sums may be to the credit of said parties upon the books of said bank at the date of the closing thereof," he will act at his peril as to the real existence and rightfulness of any demand he may allow as a set-off. June 11, 1894.

Petition for direction. Before Judge SWEAT. Glynn county. August 9, 1893.

J. M. TERRELL, attorney-general, and W. G. BRANTLEY, ·solicitor-general, for plaintiff in error.

GOODYEAR & KAY, *contra.*

LUMPKIN, Justice.

The Brunswick State bank, which was a State depository, became insolvent while indebted to the State. ·On the petition of certain creditors of the bank, a re-·ceiver was appointed to take charge of its assets, and the State, in whose behalf the governor had issued an ·execution according to law, became, by intervention, a party to the case, claiming that it had a first lien on all the assets and praying for an order directing the receiver to turn over to the State, in preference to all other claims, all moneys received by him from the assets and ·securities of the bank, until the execution in favor of the State was fully satisfied.

Passing by a question of practice, the decision of which by this court was duly waived, there is but one question for our consideration.

1. That question arises as follows: Many persons who had deposits in the bank at the time it was closed were also indebted to it by promissory notes. They ·claimed the right, in settling with the receiver, to set off against their notes to the bank, held by him, the amounts of their respective deposits. The receiver pre-·sented a petition to the judge for direction in this matter, ·and after the hearing, the court passed an order in the following terms: "It is ordered, considered and adjudged by the court that the said receiver do, and he is hereby directed to, disregard the claims set up by the State of Georgia for a prior lien upon the papers of said bank ·to the exclusion of depositors of said bank, to offset upon said papers in the hands of said bank whatever .amount there may have been to their credit at the date of the closing of said bank; and said receiver is further ·directed to allow parties indebted to said bank, where

their promissory notes or other evidences of indebtedness are held by said bank, to offset and credit upon such evidences of indebtedness whatever sums may be to the credit of said parties upon the books of said bank at the date of the closing thereof."

To the granting of this order the State excepted. Were the notes in question assets of the bank upon which the State's lien takes effect, without reference to the liability of the bank to the makers of these notes for amounts justly due them, respectively, on their deposits? We think not. On the contrary, in our opinion, these notes were assets only in so far as there might be due to the bank balances upon them after deducting the amounts of the respective deposits, if those deposits were made *bona fide* while the bank was engaged in the transaction of its regular business and had control of its books. In *Ray* v. *Dennis*, 5 *Ga.* 357, it was held that where the demands were mutual, a set-off should be allowed in favor of a defendant against whom suit had been brought by an administrator on a demand due his intestate, the case proceeding upon the idea that only the net balance, after deducting the amount of the set-off, would be assets of an insolvent estate. *Moise* v. *Chapman*, 24 *Ga.* 249, lays down the doctrine that the debtor of a bank may make any defence to a suit brought against him by a receiver of the bank, which would be available in a suit against him by the bank itself. In this connection, attention is directed to section 2900 of the code, which distinctly recognizes the right of set-off. It was held in *Seay et al.* v. *Bank of Rome et al.*, 66 *Ga.* 609, that the lien of the State upon the property of a State depository was not limited to such property only as could be reached by levy and sale, but extended to all the property, including *choses in action*. This case, however, does not rule that claims held by the bank against others are assets of the bank

to their full amount, without reference to the bank's liability to the persons against whom it held these claims; but intimates to the contrary in holding that the assignee of an insolvent bank takes the assets subject to the preferences and priorities given by law. Outside of this State there are numerous authorities clearly affirming the right of a despositor in an insolvent bank to set off his deposit at the date of closing against any indebtedness of his own to the bank. See 1 Morse on Banks and Banking, §338, and cases cited. The case of Hannon v. Williams, receiver, 34 N. J. Eq. 255, rules that a depositor in an insolvent savings bank, who is also a debtor to the institution for money borrowed, is not entitled to set off the amount of his deposit against his indebtedness; but an examination of this case will show that it is based upon an exception to the general rule applicable to other banks, because in savings banks the depositors are themselves shareholders. The Supreme Court of Pennsylvania, in Skiles v. Houston, 110 Pa. St. 254, is to the same effect as our case of *Ray* v. *Dennis*, *supra*, and holds that one indebted to the estate of a deceased insolvent banker had the right to set off against a note due from him to the banker the amount of a deposit he had made with the banker, although the note itself had not matured at the time of the banker's death. The rule for which we are contending is also recognized in Harlan v. Lumsden, 1 Duvall (Ky.), 86. In Platt v. Bentley, 11 Am. Law Reg. 171, the Supreme Court of New York held that a depositor in a national bank which had failed and passed into the hands of a receiver could set off the amount of a deposit he had in the bank against a debt due by him to the bank on a promissory note. We find the following in the American and English Encyclopædia of Law, under the title "Receivers," vol. 20, page 135: "A receiver takes title to the property placed in his charge subject to all sub-

sisting liens against it.   It follows that *choses in action* of the defendant pass to him subject to any equitable set-off which might have been set up in defence in an action by the defendant himself." And in the 22d volume of this same admirable work, under the title "Set-off," on page 308, it is stated that: "The general principle governing set-off against receivers seems to be that the receiver takes the property over which he is appointed receiver subject to any set-off which the defendant might have set up against the original owner." The rule that the debtor of an insolvent bank will be permitted to set off against his indebtedness to the bank its indebtedness to him, is recognized in Bolles on Banks, §389, and is supported by the cases there cited, among which is that of Platt *v.* Bentley, *supra.* We might multiply indefinitely the citation of authorities, but we think the above establish beyond question that a demand held by an insolvent bank against a third person is an asset of the bank only in so far as there may be a balance due upon the same after deducting whatever the bank may be owing the person against whom the demand is held.   We are therefore satisfied that the court below reached the correct conclusion with reference to this question.

2. With reference to so much of the order passed by the court below as is quoted in the second head-note, we will remark that, with the record now before us, we are unprepared to say what claims of set-off should be allowed by the receiver, and therefore have announced that, in making his settlements with the various parties at interest, he will necessarily act at his peril in determining as to the real existence and rightfulness of any demand he may be asked to allow as a set-off, and will be responsible for any error he may commit.

*Judgment affirmed.*