18752. JEFFERSON STANDARD LIFE INSURANCE CO. *v.* RANKIN, administratrix.

STEPHENS, J. 1. A contract ·of life-insurance, in so far as it obligates the insurer to pay an indemnity upon the death of the insured, does not become a debt until after his death, and therefore is not collectible in the right of the insured; but where under the terms of the policy it is made payable to the executors and administrators of the insured, it is a debt not due to the deceased insured, but to his executors and administrators in their representative capacity, and constitutes an asset of the estate, and is collectible by them in their right as the representatives of the estate, for the purpose of distribution according to the law applicable to the distribution of assets of an estate. Therefore, a debt due by the deceased to the insurance company, not being a debt in the right of the representatives of the estate, is not a matter for set-off against the debt arising under the insurance policy to the representatives of the estate and which was not a debt contracted in the lifetime of the deceased. Civil Code (1910), §§ 4340, 4341, 4345, 5668; *Craw-*

*ford* v. *Beal* and *Crawford* v. *Vaughn, Dudley* (*Ga.*) 205; *Mills* v. *Lumpkin*, 1 *Ga.* 511 (44 Am. D. 677) ; *Ray* v. *Dennis*, 5 *Ga.* 357; *Farmers and Merchants Bank* v. *National Life Ins. Co.*, 161 *Ga.* 793 (131 S. E. 902, 44 A. L. R. 1184) ; *Day* v. New England Life Ins. Co., 111 Pa. 507 (4 Atl. 748, 56 Am. St. R. 297) ; *Boisseau* v. *Bass*, 100 Va. 207 (40 S. E. 647, 57 L. R. A. 380, 93 Am. St. R. 956) ; *Patterson* v. *Patterson*, 59 N. Y. 574 (17 Am. R. 384) ; *McKown* v. *Manhattan Life Ins. Co.*, 91 Fed. 352; 11 R. C. L. 265; 17 C. J. 1377; 24 C. J. 755. See contra *Boyden* v. *Massachusetts Mutual Life Ins. Co.*, 153 Mass. 544 (27 N. E. 669) ; *Ladd* v. *Union Mutual Life Ins. Co.*, 116 Fed. 878.

2. In a suit by the administrator of the insured against the insurer in such a case, to recover on the policy, the court properly, on demurrer, struck the defendant's plea setting off debts alleged to have been due by the deceased to the defendant, and, as the evidence otherwise demanded a verdict for the plaintiff, the court properly directed a verdict for the plaintiff in an amount representing the face value of the policy and interest, less an amount representing a sum of money which the deceased insured had borrowed from the defendant insurer, and which by the terms of the policy was chargeable against its face value.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
>
> DECIDED FEBRUARY 27, 1929.

*Bryan & Middlebrooks, Marlin, Marlin & Snow*, for plaintiff in error. *Ryals, Anderson & Anderson*, contra.