Baynes *vs.* Bernhard.

No. 27.—JAMES Y. BAYNES, plaintiff in error, *vs.* JACOB BERN-
HARD, administrator of JOHN M. WEEMS, deceased, defendant
in error.

[1.] In an action on a bond for titles, it is necessary to aver a demand'
and prove it, are to aver a sufficient excuse for not making it, and to
prove it.

[2.] *Held*, that an averment that the obligor never had titles to the land
for which he binds himself to make good and sufficient fee simple titles,
and that he is therefore incapable of keeping his covenant, is a sufficient
excuse for not averring demand.

Covenant, in Henry Superior Court. Motion for a non-suit.
Decided by Judge STARK. April Term, 1852.

On the 10th day of July, 1846, John M. Weems executed
his bond, to James Y. Baynes, conditioned upon the payment of
a note given by Baynes, for two hundred dollars, to execute
good and sufficient titles, to and for the undivided half of lot of
land, No. 195, in the 9th district of originally Troup, now Mer-
iwether County. Weems subsequently died, and Bernhard
was appointed administrator of his estate.

This was an action of covenant, brought by the plaintiff in
error, against Bernhard, as administrator, for a breach of the said
bond.

It was averred in the declaration, " that Weems in his life time,
and when he executed and delivered to your petition or the said
bond, had not and never did have good and sufficient titles in
fee simple, to and for the said undivided half of said lot of land,
and that Bernhard, administrator as aforesaid, never has had, as
such administrator or otherwise, since the death of Weems,
good and sufficient titles in fee simple, to the said undivided
half of said lot of land; and therefore your petitioner avers that it
was, and ever has been wholly and entirely out of the power of
Weems in his life, and Bernhard as his administrator, since his
death, to keep the covenant of the said Weems, in the condi-
tion to said bond mentioned, by making or causing to be made,

Baynes *vs.* Bernhard.

good and sufficient titles to your petitioner, in and to the said undivided half of said lot of land."

On the trial, plaintiff introduced in evidence a plot and grant from the State, to George Prothro and the plaintiff, for and to the lot of land mentioned in the bond, dated the 5th day of August, 1848, on which there was an acknowledgment, by Wm. B. Tinsley, treasurer, of the receipt of $250.00.    This grant issued in pursuance of the Act of 1843, and an Executive order of the 16th of March, 1848, authorizing any citizen of this State, upon certain conditions in said Act mentioned, and after certain dates specified, to take out a grant for certain lots of land, in the Counties of Lee, Muscogee, Troup, Coweta, and Carroll, which shall remain ungranted.

Plaintiff then introduced in evidence an exemplification of an action of debt, brought by Bernhard, as administrator, against the plaintiff, to the Inferior Court of Meriwether County, upon the note given for the land; from which it appeared that a recovery had been had by Bernhard, of the full amount of the note, and the same had been fully paid off by Baynes—the last payment having been made on the 2d day of March, 1850.

Plaintiff then proved the value of the land, and closed his case.

The defendant moved the Court for a non-suit, which was awarded, upon the ground "that no demand for titles was alleged and proved, and no sufficient excuse for not demanding titles, was alleged and proved."

Which decision is assigned as error.

ALFORD & MOORE, for plaintiff in error.

DOYAL & NOLAN, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] This action was dismissed below, upon motion of defendant's counsel, upon the ground that the plaintiff, in his declaration, had not averred, and upon the trial had not proven a

demand for titles, and no sufficient excuse for not demanding titles was averred or proven. The counsel for the plaintiff in error admits that ordinarily a demand must be averred and proven, but insists that it is not necessary, where a sufficient excuse for not making the demand, is alleged and proven. The Court admits this proposition of the counsel, but holds that the excuse averred and proven in this case, is not a sufficient excuse. So that the only question between them is as to the *sufficiency* of the excuse, for not making the demand, which the plaintiff avers, and which was proven on the trial. The rule in *England*, is that before a purchaser having paid the purchase money can maintain an action for the breach of a covenant generally to convey, he must demand a title and tender a conveyance. See *Sugden on Vendors, vol.* 1, *top page,* 273 *to* 277, *sixth American edition, and notes.*

Whether he is bound to prepare and tender a deed, has been questioned in England, unless there are stipulations to that effect. The rule, though, seems to be settled, as stated, by preponderance of authority. It is not necessary in this case, to decide that point, and we leave it open. We hold, however, that as a general rule, a demand for titles is necessary ; and also, that it is not necessary, if a sufficient excuse for not making it is averred and proven. As to the sufficiency of the excuse, then, in this case, what is the excuse ?

[2.] It is that the vendor never had a title to the land that he bound himself in this bond to convey. This is distinctly averred, and as distinctly proven. The averment is, that the vendor in his life time, and when he executed and delivered to the plaintiff his bond, had not and never did have, good and sufficient fee simple titles to the land, and that his administrator, since his death, as administrator or otherwise, has not had good and sufficient title in fee to the same. The plaintiff proceeds to aver that in consequence, it was and ever has been, wholly out of the power of the vendor in his life, or of his administrator since his death, to keep the covenant in his bond to make and deliver good and sufficient titles. General breaches are assigned, and the payment of the purchase money is averred and proven.

Baynes *vs.* Bernhard.

The proof as to the title, is that the plaintiff and another, took out the grant for this land, paying therefor two hundred and fifty dollars, under the Act of 1843. *Cobb's New Dig.* 706. This Act authorizes any person, at certain prices and within certain periods after a designated time, to take out lands in certain Counties, which, after that time, might remain ungranted. It gives to fortunate drawers of land, in the Counties of Lee, Muscogee, Troup, Coweta, and Carroll, in one of which the land in question lies, until the 1st of October, 1844, to take out their grants, and declares that if not then granted, their lands shall be forfeited and revert to the State. At that time the obligor had not granted this land, and it became forfeit and reverted to the State. To protect himself, the plaintiff was compelled to grant it. He granted it after the 1st of October, 1844, to wit, in October, 1848. His grant bears date at that time, and was in evidence. The proof then is, that up to 1844, the defendant not having granted the land, nor any body for him, or any one under whom he claimed, the title was in the State. She had never parted with it. The fortunate drawer had the right to take out the grant upon paying grant fees. Until that was done the title remained in the State, and the drawer only had an equitable interest in the land, subject to be defeated by a recall on the part of the State, of the privilege of getting a title by granting it.

Up to 1st of October, 1844, therefore, the defendant had no fee to this land ; the title was neither in him nor any one else, because in the State, and of course, it was impossible that he could make a title in obedience to his covenant. To this extent go the decisions of this Court. See *Garlick vs. Robinson, recently decided at Gainesville, and Brinsfield vs. Carter,* 2 *Kelly,* 146.

At and after October, 1844, the whole interest reverted to the State. His equitable right to take out the grant upon payment of grant fees, was forfeited by the Act of 1843, and the whole title was in the State. After October, 1844, he could not grant it as a fortunate drawer, and did not, in any other character, for in 1848, it being then ungranted, the plaintiff and another did grant it. Since then the title has been in the plain-

tiff and his co-tenant.   The facts proven, with the law arising under them, we think support the averment in the declaration, that the defendant never had a title to the land.   The question is, is that sufficient to dispense with the demand?   Upon the reason upon which the necessity of demand goes, it is.   A demand is held necessary, because the obligor is presumed to be capable and ready to make a title, when the purchaser shall have placed himself in a position to ask it, and shall desire it to be made.   This presumption ceases when it is made to appear to the Court, that he has not and never did have a title.   What absurdity to require a party to do that which, it judicially appears to the Court, if done, would be unavailing. The reason of the rule ceasing, the rule itself is defunct.   Upon authority, if the vendor has no title, it is not necessary to make a demand.   Directly to this point is the case of *Blann vs. Smith*, 4. *Blackf.* 517.

In *Jackson vs. Jacob*, (3 *Bing. N. C.* 874,) which was an action on an agreement to sell to the plaintiff certain shares of stock, the Court held that the defendant was liable, without a tender of the price agreed to be paid, because he had not the shares to deliver.   *Tindal, C. J.* said, " the ground on which I decide, is the correspondence between the defendant and Battey, from which it is manifest that the defendant had not the shares to deliver, and that the tender could only be matter of form."

In *Quackenboss vs. Lansing*, (6 *Johns.* 48,) there was a covenant of warranty of the title to a slave, and an action for a breach, the plaintiff averring that at the time of the sale, the defendant had no property or title in the girl sold as a slave, but that she was free and not a slave.   The question was, whether the plaintiff had made a sufficient assignment of the breach.   The Court held that " the substance of this covenant was, that the defendant would warrant the sale, and if the negro was free, the sale was void and the covenant immediately broken. It did not require that an eviction or disturbance should be shewn. The averment that she was free, was equivalent to showing an eviction, for it showed that the plaintiff was ousted of all right and lawful possession."   In *Marston vs. Hobbs, Parsons, C. J.*

treating of covenants of seizin and right to convey, says " if the defendant was not seized, or if he had no right to convey, these covenants must be necessarily broken." 2 *Mass. R.* 437.

In *Banks and Ready, executors of Sims, vs. Whitehead*, the *Supreme Court of Alabama* held, that allegations in a declaration for breach of a warranty in a deed, that at the time of the sealing and delivery of the deed to the plaintiff, another person than the grantor had the lawful freehold title and possession, and still continues so to have, were sufficient, and that proof accordingly, would entitle the plaintiff to recover. 7 *Alab.* 84.

So, where a vendor has, by selling the estate, incapacitated himself from executing a conveyance to the first purchaser, that makes further action on his part unnecessary. He can, in such a case, maintain an action without even tendering the purchase money. Inability to comply with his covenant, is itself a breach. *Sugden on Vendors*, 1 *vol. top page*, 275, 276, *sixth American edition. Knight vs. Crockford*, 1 *Esp. Cas.* 189. *Duke of St. Albans vs. Shore,* 1. *H. Black.* 270. 6. *Cow.* 18. *See also,* 7 *Geo. R.* 228.

Let the judgment below be reversed.