McCauley vs. Moses.

HENRY MCCAULEY, plaintiff in error, vs. ISAAC J. MOSES, defendant in error.

Upon a suit brought upon a note given for the purchase-money of land, the defendant set up the contract of purchase by which it appeared the plaintiff and a man named Adams had jointly sold the land and gave bond for titles; and further, that the said parties had no title to the land, and that the title was elsewhere, and the inability of the parties to perform their contract. To this plea a demurrer was filed and sustained by the Court:

Held, That, inasmuch as this was a contract for the purchase of land and the party was in possession, while we may consider his plea filed at law with the same consideration we would a bill filed in equity, this plea does not set up sufficient to restrain, in equity, the collection of the purchase-money; and rescission of the contract stands upon the same principle. When parties make contracts for land and take bonds or warranties and are in possession when sold for the purchase-money, it requires a strong case, something showing fraud or insolvency or non-residence, something which has grown up or is discovered since the contract, that would render it inequitable to enforce it, to invoke the powers of equity, whether invoked at law or in equity.

Rescission of Contract. Before Judge JOHNSON. Muscogee Superior Court. December Term, 1870.

Moses sued McCauley upon a promissory note payable to his order for $837 50. He pleaded that said note was given for a lot of land (described) on condition that said Moses

and David Adams should make him good title to said lot, but neither Moses nor Adams nor both ever had any title thereto but the title is in Mrs. Dawkins and Mrs. Payne, under the will of Randell Jones, deceased; he was to pay $2,500 00 for the lot, gave Adams his note for $1,250 00 and Moses his note for $1,250 00; he paid Adams $600 00 and Moses owes defendant $200 00. He offers to return the lot to plaintiff with its rents and rescind the contract upon Moses paying him said $200 00.

It was admitted that McCauley was in possession of the land, and upon demurrer the Court struck said plea. Plaintiff obtained a verdict for the amount due on the note. The striking of said plea is assigned as error.

H. L. Benning, for plaintiff in error. As to rescission, cited: R. Code, secs. 2809, 2662; 10 Ga. R., 127. Inability to perform equal to non-performance: 12 Ga. R., 150. Vendors must be able to comply before they can force compliance: R. Code, secs. 3135, 3136; Edwards *vs.* Heather, McNaughten's Select Cases Law Library, 12. No offer to rescind necessary in this case: R. Code, sec. 2662. What this covenant includes: R. Code, sec. 2667. For fraud, equity will relieve before eviction: 2 Ga. R., 460; 16th, 432.

Peabody & Brannon, for defendant. As to defendant in possession cited: 1 John. Ch. R., 216; 2d, 520; 10 Ga. R., 133; 41st, 179. Purchaser must have title or warranty: 2 Caines' Cases, 192; and must resort to his warranty: 10 Ga. R., 133. No relief at law.

Lochrane, Chief Justice.

It appears, by the facts presented in this record, that Moses had sued McCauley upon his note given for the purchase of land. The defendant set up by his plea, in the nature of a bill in equity, that the land was bought jointly

McCauley vs. Moses.

from Moses and a man named Adams, whose bond for titles he held; that they had no title to the land; that the title was elsewhere; and further, that the vendors were unable to perform their contract. The plaintiff demurred to this plea, which was sustained by the Court, it appearing that the defendant was in the possession of the land for which the note was given.

We affirm the judgment of the Court below in this case, premising that under our peculiar system of pleading there is no difference in law and equity, so far as to authorize by plea all equitable rights and remedies to be adjudicated. And treating this plea with all the consideration of an equitable proceeding to rescind the contract, or restrain the collection of the debt, we are satisfied that it fails to present such a case as would authorize either. To restrain the collection of the notes given for the purchase-money of lands, or to rescind the contract, by one in undisturbed possession under the contract of purchase, requires a very strong case. To authorize equitable interference, there must be fraud to mislead the party, or there must be insolvency in the vendor and a clear case of unquestioned paramount title exhibited to the Court outstanding elsewhere which will be enforced; or it must show non-residence so that the plaintiff is out of the jurisdiction of the Court, or something which has been discovered since the contract, of equal dignity and analagous, which will show that it would be inequitable to enforce the contract, to authorize equity to interpose its arm and shield, from the legal consequences of the contract, the party from its legitimate results. In a word, it takes a strong case, where a party buys and is in possession, to invoke such processes and powers against his compliance with his contract, and we are of opinion this case, as presented by the plea, is not one of them.

Judgment affirmed.