Smith *vs.* Hudson.

---

JOHN A. SMITH, plaintiff in error, *vs.* NANCY HUDSON, defendant in error.

(BY TWO JUDGES.)—1. A purchaser of land cannot plead an outstanding title, adverse to that of his vendor, so long as his possession is undisturbed, unless he set up some distinct equity, showing that his remedy on the waranty will be inefficient.

2. The answer of the defendant to the complainant's bill, to enforce his vendor's lien alledging a breach of warranty, and the insolvency of the complainant, there being no claim of solvency in the bill, is not responsive to the bill; and if there be no other evidence, the jury is not bound to notice the statements in the answer as to the solvency of the complainant. 12th March, 1872.

Smith *vs.* Hudson.

Landlord and tenant.  Vendor's lien.  Equity practice.
Before Judge GREEN.  Henry Superior Court.  April Term,
1871.

Nancy Hudson averred that certain land was set apart to
her as dower in her late husband's estate, that his heirs re-
linquished to her their remainder interest in the land, and
then, on the 4th of January, 1855, she sold said land to Smith
at $1,000, of which he had paid her but $800 ; that Smith
was of "questionable solvency ;" and that she made him a
deed to said land (and he remains in possession ever since)
without taking security.  And she prayed that the land be
decreed subject to her vendor's lien for $200 and interest, and
be sold to pay it.

Smith denied that he was "of questionable solvency," and
that said complainant was insolvent, and admitted all the other
averments.  But he set up that when he bought the land he
supposed her title was good to all except one-seventh of the
remainder, and which belonged to the minors of her deceased
daughter, from whom she had no relinquishment ; that some
time after said purchase she had told him that she had made
her will, whereby those minors were never to have any part
of her estate unless they ratified her sale to Smith ; and then
believing that seventh was protected, he gave her his note
for the $200 unpaid.  But he said that before he paid it he
found out that the relinquishment of two of the shares which
she held was by the husbands of two of her daughters, that
they had never reduced this remainder into possession and
therefore these said relinquishments did not divest the title
of their wives; and therefore he refused to pay the $200.
He also pleaded a set-off against said note.

On the trial, Mrs. Hudson testified to the averments in her
bill, that Smith was her son-in-law and knew all about the
condition of her title when he bought, and that the children
of said deceased daughters were now all adult and no one had
ever disturbed Smith in his possession, nor was there proba-
bility that any one would.  Her son also testified that Smith

knew all the facts when he made the purchase. Smith testified to the facts set up by him, except Mrs. Hudson's insolvency. The deeds and note were put in evidence. There was evidence *pro* and *con.*, as to her owing him the debt pleaded by him as a set-off. Defendant's counsel requested the Court to charge the jury, that if complainant, being tenant in dower, conveyed or attempted to convey to Smith the fee in said land (prior to January, 1863), she forfeited her life-estate, and gave the remaindermen a right of entry and action ; that if she had but dower in the land and tried to sell the fee, her conduct was illegal and fraudulent, and equity would not assist her in enforcing her contract of sale.

He refused so to charge. He charged, among other things, that if Smith had proven his set-off it should be allowed him.

The jury found for complainant the full amount of her claim, with a lien on the land. Defendant moved for a new trial, upon the ground that the Court erred in refusing to charge as requested, and because the verdict was contrary to said charge and to the law and equity. There was also a ground as to newly discovered evidence, but as it related to the set-off, it is immaterial. The Court refused a new trial, and that is assigned as error.

S. C. McDaniel and George W. Bryan, for plaintiff in error.

George M. Nolan; Doyal & Nunnally, for defendant.

McCay, Judge.

Nothing is better settled than that the vendee of land, with a warrantee of title, cannot plead a want of title in his vendor so long as he is undisturbed in the possession, unless he shows some good reason why his warranty will not protect him ; and this for two good reasons : one, that however good

the outstanding title may be, still, it may never be enforced; the other, that he has chosen his remedy by taking the warranty, and he must abide by his own choice.

We do not feel called upon to decide whether this outstanding title is paramount or not. The verdict is right under the evidence in any event. The complainant filed a bill to enforce her vendor's lien for the purchase-money. The defendant sets up an outstanding title in the reversioners, and that the complainant is *insolvent.* Very clearly, this last defense is not in response to any charges in the bill. It fell upon the defendant to prove it. This he utterly failed to do. The answer was on this point no evidence, and there was absolutely no evidence on the point against her solvency. Hence, in any view of the case, the verdict is right. There is no reason shown by the proof why the warranty is not a full protection against the claims the defendant says exist.

It is apparent, too, that this old lady ought to have her money. She has practiced no deception on the defendant. He bought with his eyes open.

Judgment affirmed.