FRENCH, RICHARDS & COMPANY vs. ROBINSON.

A firm, through their attorneys in fact, sold a lot of land and gave a bond for titles thereto, signed with their firm name. The purchaser having complied with the conditions of the bond, the vendors made and delivered to him a deed conveying the premises, also signed in their firm name. Under the sale of the lot, the purchaser went into possession, and after the making of the deed,

remained in possession for about thirteen years, when he applied for a deed signed by the individual members of the firm, instead of in the partnership name, and after some delay obtained an instrument ratifying the former deed:

*Held*, that the receipt of the proceeds of the sale, or any part of them, by the individual members of the firm was a ratification thereof and conferred upon the purchaser a good and valid title both at law and in equity; but after the express ratification was made, he acquired no right thereby to go against the original vendors for expenses incurred by reason of their delay in executing it.

(*a*) A purchaser, without an express stipulation to the contrary, must pay the cost of the conveyance.

March 15, 1887.

Partnership. Title. Vendor and Purchaser. Actions. Before Judge RICHARD H. CLARK. Fulton Superior Court. September Term, **1886**.

Reported in the decision.

CANDLER, THOMSON & CANDLER, for plaintiffs in error.

WALTER R. BROWN, for defendant.

HALL, Justice.

Robinson purchased from French, Richards & Co., through their attorneys in fact, John M. Clarke & Son, a lot in the city of Atlanta, and took from said French, Richards & Co., in their firm name, on the 8th day of February, 1870, a joint bond for title to the same, to be conveyed by the said firm to him, the said Robinson, upon his compliance with the conditions therein mentioned; and on the 13th of June, 1870, Robinson having complied with the conditions of the bond, French, Richards & Co., by their said attorneys, executed and delivered to him a deed, in their firm-name, conveying to him the premises. Upon the sale of the lot, Robinson immediately went into possession, and after it was executed, he remained in pos-

session under and by virtue of that conveyance. Ascertaining, as he alleges, that the deed in the firm-name of the grantors was insufficient to convey the title of the individual members of the firm, he applied, on the 30th of August, 1883, to his vendors for the execution of a deed to the same premises, to be made both by the firm and in the individual name of each member composing the same. This application was made through E. Y. Clarke, surviving member of the late firm of John M. Clarke & Son, who wrote to French, Richards & Co. that the party objected to the deed given through the power of attorney from them to Clarke & Son, claiming that the individual names of the makers were necessary, under the law, and further stating that it was all right so far as the sale was concerned, and that there could be no harm in satisfying the wishes of the purchaser. For various reasons, this request to have a deed executed by the individual members of the firm of French, Richards & Co. to Robinson, was not attended to until the 8th of November, 1884. At that date, the individual members of the firm of French, Richards & Co. signed an entry made by Robinson on the back of the deed, made in the name of the partnership, to the following effect: *i. e.* that at the date of the execution thereof, Clarke & Son were the duly constituted attorneys and agents of the individual members of the firm, and were empowered by them to make the deed; and they thereby ratified and affirmed the instrument and sale, and signed the acknowledgment both as a firm and as individuals composing the firm. Between the date of the application made for the correction of the deed and its ratification, Robinson, by himself and his agents, made some three trips from Atlanta to the city of Philadelphia for the purpose of procuring this ratification. After the ratification was thus procured, he brought suit by attachment against French, Richards & Co., returnable to the superior court of Fulton county, alleging therein that he had sustained damages by reason of their failure to make the

ratification at an earlier date; that his damages arose from his inability to sell or mortgage the land deeded by them as a firm to him; that he had lost the amount of his expenses, and certain attorneys' fees necessarily incurred in endeavoring to procure this ratification.

On the trial, the defendants, French, Richards & Co. demurred to the declaration upon the ground that it set forth no cause of action against them. The demurrer was overruled, and the jury, under the evidence admitted and the charge of the court, found for the plaintiff $200; and in addition thereto, the sum of $28 for interest, and $20 for attorneys' fees. Whereupon the defendants made a motion for a new trial, upon the several grounds in said motion set forth, which being overruled, they brought the case to this court; and their bill of exceptions and writ of error make the only question necessary for our determination.

We are of opinion that the demurrer to the declaration was well taken, and should have been sustained. The plaintiff got the deed for which he bargained, and his complaint makes a case of mutual mistake between the parties, as to the sufficiency of the deed of the firm to convey the fee vested in each of the partners as tenants in common to the lot in question. The purchaser went into possession and remained in the undisturbed and adverse possession of the land for more than thirteen years before he made any attempt to have the alleged mistake corrected. There is evidence in the record showing that the money paid for the land was turned over to the vendors and received by them. The receipt of the proceeds of the sale, or any part of them, by the individual members of the firm, was a ratification of the same; and this places it upon the same footing as if each of the partners, as tenants in common, had in person taken part in the transaction; and the purchaser thus became entitled to assert his purchase against each and all of them. This conferred upon him a title to the land, good and valid, both in law and equity. *Sewell vs. Holland*, 61 *Ga.* 608. But after the express ratifica-

tion was made, he acquired no right thereby to go against the original vendors for expenses incurred by reason of their delay in executing the same. It seems to be well settled by the common law that a purchaser, without an express stipulation to the contrary, must pay the cost of the conveyance. *Winter vs. Jones*, 10 *Ga.* 191 (8th h. n), 201; *Baynes vs. Bernhard*, 12 *Ga.* 152. This dispenses with the consideration of other questions made.

The judgment is reversed, and the cause remanded to the superior court, with directions to sustain the demurrer and dismiss the suit.