SANDERLIN *v.* WILLIS.

1. The obligee in a bond for titles, who has paid a part of the purchase money for the land to which the bond relates, may, when sued by the maker of the bond upon a note given for the balance, recoup his damages resulting from a breach of the bond, notwithstanding he retains possession of the land, he having at the maturity of the note offered to pay the same and demanded compliance with the terms of the bond and by his plea offering to surrender possession and to account for rents during the time of his occupation of the premises.

2. If the obligor in a bond for titles, after delivering the land to the obligee, enters upon the same and wrongfully appropriates wood or timber which formed a part of the consideration of a note given for the purchase money of the premises, the obligee, when sued upon the note, may waive the tort and set off in the action the value of the wood or timber so taken and appropriated.

3. Profits which the obligee in a bond for titles would have made on a contract which he, at the time the bond was executed, had agreed upon for a sale of the premises to a third person, are not recoverable in an action upon the bond or in a plea of recoupment, unless the obligor had notice of such contract at the time of executing the bond, or certainly not unless notice came to him before he made any breach of its condition.

July 23, 1894.

Complaint on note.   Before Judge Ross.   City court of Macon.   September term, 1893.

STEED & WIMBERLY, for plaintiff in error.
NOTTINGHAM & BRUNSON, *contra.*

LUMPKIN, Justice.

This was an action brought by Willis against Sanderlin in the city court of Macon upon a promissory note for $600.00   The defendant filed a plea of the general issue, and a plea of partial payment, the amount of which was allowed, and a verdict rendered in favor of the plaintiff for the balance.   In addition to the defences above mentioned, the defendant, among other things, also pleaded, in substance, as follows : The note sued upon was given in part payment of the purchase price of a tract of land described in a bond for titles given by the plaintiff to the defendant cotemporaneously with the execution and delivery of the note, these papers evidencing the contract then entered into between the parties.   By this bond the plaintiff bound himself to make, or cause to be made, to the defendant good and sufficient titles to the land when the note should be paid, and the note was given in consideration of this obligation on the part of the plaintiff.   Defendant offered to pay the money when the note fell due, and was ready, and has since been ready, to make payment whenever the plaintiff will make or furnish him good and sufficient titles to the land, agreeably to the terms of the bond.   At the maturity of the note, the defendant called upon the plaintiff to make or furnish "said title," and the plaintiff, in violation of his contract, wholly refused, and has hitherto wholly failed to make "said title."   Defendant has paid to the plaintiff the sum of $558.06 upon the contract, the whole of which is lost to him except the rental of the land, of the value of $150.00.

This plea further alleged that the defendant had hitherto continually offered to return the land to the plaintiff and pay him full value for the use thereof; and contained an offer to surrender possession and account for the rents received by defendant during the time of his occupation of the premises; and prayed judgment, by

way of recoupment, for the amount he had paid, less the rental.

On general demurrer, this plea was stricken, and the defendant excepted. We think the court erred in striking this plea. We recognize the rule that the purchaser of land who enters into possession under a warranty deed or a bond for titles cannot, before eviction, defeat an action for the purchase money, unless there has been fraud on the part of the vendor, or the latter is insolvent, or there is some other ground which would in equity entitle the purchaser to relief. This rule seems to be well settled by the cases of: *McGehee et al.* v. *Jones*, 10 *Ga.* 127; *Watson* v. *Kemp*, 41 *Ga.* 586; *McCauley* v. *Moses*, 43 *Ga.* 577; *Smith* v. *Hudson*, 45 *Ga.* 208; *Booth* v. *Saffold*, 46 *Ga.* 278, and numerous other decisions of this court. According to these cases, if the purchaser is in possession under a deed with covenant of warranty, he must resort to his covenant; if under a bond for titles, he must resort to the bond. The case before us, however, differs from all of those above cited. While it is impossible to know with certainty whether the defendant meant to allege that the plaintiff would not make him any title at all, or to allege only that the plaintiff refused to make the " good and sufficient title " stipulated for in the bond, he does distinctly allege that there was a breach of the bond and that he thereby sustained damage. In none of the cases above cited did the party seeking to avoid payment of his purchase money note make such allegations as these. In all of those cases the purchaser actually obtained what he had bargained for, and it was simply held that he must stand upon his contract as made. In the present case, the plea alleges that the plaintiff contracted by his bond to make the defendant titles; refused to comply with the bond, and thus broke the contract. It is true the plea does not set out in full the terms of the bond, or make distinct and

definite allegations with reference to the breach; but it was sufficiently full and comprehensive to withstand a mere motion, in the nature of a general demurrer, to strike the same. If the defendant had paid the purchase money in full, and had then brought an action upon the bond containing substantially the same allegations as those now relied upon in his plea, his declaration would have been good as against a general demurrer, and he would have been entitled to go before the jury and prove the alleged breach of the bond and show how and to what extent he was thereby damaged. This being so, it is his right in the present action to recoup his damages as a defence to the plaintiff's suit.

Whether or not the city court of Macon has jurisdiction to administer equitable relief, there can be no question of its power to afford the defendant the relief set up by this plea, if he succeeds in establishing it by satisfactory evidence.

2. Another plea of the defendant, which was stricken by the court, alleged, in substance, that after selling him the land, Willis wrongfully and secretly, and without the knowledge or consent of the defendant, entered upon the land and removed therefrom about twenty cords of wood, of the value of $80.00, to the injury and damage of the defendant in that sum, and that this was done in plain and direct violation of the contract between the parties. If these allegations are true, Willis tortiously took and carried away from the land wood which, under the contract, belonged to the defendant. It would have been the right of Sanderlin to waive the tort and bring an action against Willis for the value of the wood, and we therefore see no reason why he may not, when sued upon the note, likewise waive the tort and set off against the plaintiff's demand the value of the wood which the latter had taken and appropriated. So we think this plea ought to have been allowed to stand.

3. Another plea which the court struck was, that the defendant purchased the land for the purpose of selling the same to one Smith, who was ·willing to buy the same from defendant at the price of $1,300.00, and that by reason of the failure of Willis to make the defendant a title to the land, he lost the sale of it to Smith and was thereby injured and damaged. This plea, we think, was properly stricken. It failed to ·allege that Willis, either at the time of executing the bond for titles or at any time before he had made a breach of its conditions, had any notice or knowledge of any contract or negotiations between Sanderlin and Smith with reference to the sale of the land. It would hardly be just or lawful to hold Willis liable for prospective profits which Sanderlin might or would have made by selling the land to another, when Willis neither contracted nor broke his contract with reference to any such matter.

*Judgment reversed.*