## JOHNSON v. DOROUGH.

*Simmons, C. J.*—1. Where the purchaser of land held by him under a bond for titles was sued for a balance upon promissory notes given by him to the plaintiff for the purchase money, and filed pleas alleging that the plaintiff in making the sale of the land falsely represented that he owned the same in fee, when in fact he only owned an estate therein for the life of another, and that the plaintiff was insolvent and a non-resident of this State, and the pleas also set up other facts entitling the defendant to equitable relief, it was error to strike the same on general demurrer.

2. The special pleas dealt with in the present case fall clearly within the exceptions pointed out by this court in *Black* v. *Walker et al.*, 98 *Ga.* 31.    *Judgment reversed.*

November 16, 1896.   Argued at the last term.

Complaint on notes.    Before Judge Butt.    Harris superior court.    October term, 1895.

Dorough sued Johnson upon five promissory notes for $200 each, due November 1, 1887, 1888, 1889, 1890 and 1891, with credits of sundry amounts aggregating $571.75, made at various dates in 1888, 1889 and 1890.    Defendant relied upon special pleas which were stricken on demurrer; to which ruling he excepted.    These pleas allege:

In December, 1886, he purchased of plaintiff certain lands described in a bond for title executed by plaintiff and delivered to defendant at the time of purchase; and agreed to pay $1,000 in five annual payments of $200 each. Plaintiff represented at the time that he owned said land and had the right to convey the entire title in fee simple. Relying on said representation, defendant executed the notes sued on, and under the contract took possession of the land, which was worth very little for rent, as it was unimproved; but he purchased it for a home for himself and family, and as he intended to pay for it he made upon it improvements of the value of $500, has since paid State and county taxes thereon, and has paid $571 of the purchase price; since which payments he has discovered that plaintiff is unable to make title in fee simple, but owns only a life-estate in the land, and that the title in fee is in the children of one Mrs. Pratt who is in life.    The value of her life-estate at the time of the purchase does not exceed the amount he has paid.    Therefore the consideration of the notes has partially failed.    Plaintiff is insolvent, and resides without the State; and if defendant is compelled to pay the notes, he will be without remedy to compel the performance of the covenants of the bond.    He prays, that the notes be cancelled, and that plaintiff be required to refund to him the amount he has paid on the purchase price, the taxes, and the value of the improvements; he offering to account for the real value of the rent of the

land from the time he took possession, and to deliver up the land and the bond for title.

By amendment he alleges, that in December, 1886, plaintiff was in possession of the land, and proposed to sell it to defendant for $1,000, representing that he owned it in fee. Relying upon said representation defendant agreed to give that sum payable in instalments represented by the five notes, and executed them and took from plaintiff his bond conditioned to make to defendant good and sufficient titles in fee simple when he should pay the notes. He was an ignorant colored man without an education, relied on plaintiff's representation, and went into possession of the land. He purchased it for a permanent home for himself and family, and to make it desirable and suitable for a home he expended large sums in improving it, besides paying the taxes and $571 of the purchase price. About the first of January, 1891, he found out for the first time that plaintiff did not own the fee to the land at the time he sold it to defendant nor since, but only had and owned an estate for the life of Mrs. M. C. Pratt, a resident of said county, and that the remainder in fee belonged to her children. In 1874 her husband had made a deed conveying the land to her for her life, and at her death to her children. She has living a number of children who will be entitled to possession of the land at her death. The cash value of the land at the time of defendant's purchase was $800. Mrs. Pratt was fifty-six years of age, and the value of her life-estate was $485, and it was the only estate that plaintiff then and now possessed and all he could convey. Since the contract of purchase plaintiff has removed from the State, has no property in the State, and is insolvent. Defendant prays that the notes be cancelled, and for such further relief as may be equitable and just; and if he is due plaintiff anything in the way of interest, he hereby offers to pay the same.

*B. H. Walton* and *Brannon, Hatcher & Martin,* for plaintiff in error.     *C. J. Thornton,* contra.