## PRESTON *v.* WALKER *et al.*

"The obligee in a bond for titles, who has paid a part of the purchase-money for the land to which the bond relates, may, when sued by the maker of the bond upon a note given for the balance, recoup his damages resulting from a breach of the bond, notwithstanding he retains possession of the land, he having at the maturity of the note offered to pay the same and demanded compliance with the terms of the bond, and by his plea offering to surrender possession and to account for rents during the time of his occupation of the premises."

Argued October 30, — Decided November 29, 1899.

Complaint.　　Before Judge Butt.　　Marion superior court.
April term, 1898.

*Miller & Miller*, for plaintiff in error.
*C. J. Thornton* and *A. E. Thornton*, contra.

SIMMONS, C. J.　　It appears from the record, that Lucy,
Emma, Ida, and William Walker sold a tract of land to Pres-
ton, for which he gave them his three several promissory notes,
each for $533.33, due at the time specified therein, and that
the Walkers made him a bond for titles conditioned to make
him a good and sufficient title in fee simple on the payment of
the notes.　　Preston went into possession of the land, made val-
uable improvements thereon, and made payments on the notes
to the amount of $913.00; and then went to the plaintiffs to
pay the balance, and demanded of them a deed in accordance
with their bond for titles.　　They failed and refused to make
him a deed upon his tendering the balance due on the land.
The Walkers subsequently brought suit against Preston on two
of the promissory notes; to which action he filed his plea set-
ting up the above-stated facts, and asking to recoup the dam-
ages which he had sustained by reason of the breach of the
contract in failing to make him a deed.　　On the trial of the
case he testified to these facts, and as to the improvements made,
and that he had asked a rescission of the contract upon the
payment by the Walkers to him of what he had paid them and
for the improvements he had put upon the place, at the same
time offering to pay rent for the land for the time he had occu-
pied it.　　He also testified that the plaintiffs were insolvent.
He introduced his bond for titles, wherein the plaintiffs obli-
gated themselves to make him " good and sufficient titles in fee
simple."　　He also introduced a deed from one Johnson to Lucy
Walker, Ida Walker, and Emma Walker, "for their sole and
separate use during their natural lives, without the power of
alienation by them, or either of them, and at their deaths to
their children, and at the death of any or either of them, then
to the child or children of the deceased, and at the death of
survivor the land to be equally divided among their children."
On this state of facts, the trial judge directed a verdict for the

plaintiffs against the defendant for the balance due on the notes. To which ruling and judgment the defendant, Preston, excepted, and brings the case here for review.

This case is controlled by the case of *Sanderlin* v. *Willis*, 94 *Ga.* 171. The facts are very similar, but those in this case are stronger in behalf of the defendant than the facts were in behalf of Sanderlin in that case. Here defendant shows absolutely that the plaintiffs can not make him a title in fee simple to the land; because three of them, Lucy, Emma, and Ida, according to the deed under which they claim the land, have only a life-estate, and· William, the brother and one of the plaintiffs in the suit upon the notes, has no title at all, as his name is not mentioned in the deed from Johnson to the three sisters. Another difference between this case and that of *Sanderlin* is, that it was alleged in the plea and proved at the trial· that these plaintiffs were insolvent; which would bring this case somewhat under the decision of *Black* v. *Walker*, 98 *Ga.* 31, and *Johnson* v. *Dorough*, 99 *Ga.* 644. The reasoning of Mr. Justice Lumpkin in the *Sanderlin* case fully covers the questions involved in this case, and it is unnecessary to elaborate them. *Judgment reversed. All the Justices concurring.*