## 21114. JAMES v. THE STATE.

BROYLES, C. J.   1. A representation by one that he has title to a certain lot of lumber, "made for the purpose of inducing another to purchase it, if false within the knowledge of him who makes the representation, is within the statute against cheating and swindling." *Holton* v. *State*, 109 *Ga.* 127 (2) (34 S. E. 358).

2. "If by deceitful means or artful practices one is induced to give to another his negotiable note promising to pay a given sum at a named date, whether as a matter of fact the maker is or is not insolvent, he is nevertheless defrauded and cheated." *Holton* v. *State*, supra.

3. In the instant case none of the special assignments of error in the petition for certiorari are verified by the trial judge. It follows that they can not be considered by this court.

4. Under the rulings set forth above, in paragraphs 1 and 2, and the evidence in this case, the jury were authorized to find the defendant guilty of the offense of cheating and swindling.

5. The judge of the superior court did not err in overruling the certiorari.
            *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 13, 1931.

*T. C. Baltle,* for plaintiff in error.
*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.