MIDDLETON *v.* PRUDEN *et al.*

No. 13456.   APRIL 5, 1941.

*Maddox & Griffin,* for plaintiff in error.

*Barry Wright* and *Henry J. Fullbright Jr.,* contra.

GRICE, Justice. Three members of the court, to wit, Chief Justice Reid, Presiding Justice Atkinson, and Justice Bell, are of the following opinion: The defendant's answer as amended did not pray in express terms for rescission, and was nowhere designated as a plea or cross-action seeking rescission; yet, construed according to its allegations and prayers, it is in effect a cross-action seeking the affirmative equitable relief of rescission, cancellation, and accounting; and the case as now presented is controlled adversely to the defendant by the former decision of this court in *Pruden* v. *Middleton,* 182 *Ga.* 687 (186 S. E. 732), wherein the same party, then as plaintiff, was seeking cancellation, rescission, and accounting. The present litigation is between the same parties, and involves the same contract. The answer of the defendant in the present suit contains substantially the same allegations as those made in his petition in the former suit, and to all intents and purposes he is seeking the same affirmative equitable relief. The former decision is therefore the law of the case, and as such it is binding upon the defendant, to the effect that he is barred by laches. If the defendant here had done nothing more than offer to return the land and resist payment of the notes sued on, a different question might have been presented. It is true that he actually did both these things; but on proper construction of the answer as a whole he resisted payment for particular reasons set forth in his answer, and for these reasons only, to wit, that he desired to rescind the contract and elected to do so. Thus he is bound by the law as laid down in the previous decision on the question of laches. "A contract may be rescinded at the instance of the party defrauded; but in order to rescind he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." Code, § 20-906. The reference to failure of consideration is wholly ineffectual as stating any defense, for the reason that no damage whatever is pleaded as for a partial failure of con-

sideration, and the allegations show that there is not a total failure. He pleaded only what should be the rights and liabilities of the parties on a complete rescission. As to total failure, he still has the land, and may never lose it. There is only a contingent defect in title, depending on survivorship. This would not show a total failure of consideration. Accordingly, the rulings of the court striking the plea and directing the verdict, and the judgment refusing a new trial, should be affirmed.

The writer entertains a different view of the case, being of the following opinion: In the former case in this court Middleton was the plaintiff. He sought affirmative equitable relief. He asked that the contract be rescinded for fraud. Relief was denied him on the ground of laches. It was not adjudged that under the allegations there made Middleton had no rights in the premises. The statement in the headnote that "the court erred in not sustaining the general demurrer and dismissing the action," must be read in connection with the opinion. Looking thereto, it seems plain that the only ruling made was that Middleton could not recover, because barred by laches. So we have presented to us this question: Will the fact that a plaintiff is barred by laches from seeking on his own petition affirmative equitable relief prevent him, when later sued, from asserting as a defense the same facts set up in his petition (assuming that such facts constitute a good defense), the parties being the same in both actions? The defense of laches is peculiar to courts of equity, and is not pleadable in actions at law. Wehrman v. Conklin, 155 U. S. 314 (15 Sup. Ct. 129, 39 L. ed. 167); Waits v. Moore, 89 Ark. 19 (115 S. W. 931); Wells v. Western Union Telegraph Co., 144 Iowa, 605, 123 N. W. 371, 138 Am. St. R. 317, 24 L. R. A. (N. S.) 1045); Commercial Security Co. v. Archer, 179 Ky. 842 (201 S. W. 479; Hunter v. Moore (Mo.), 202 S. W. 544; Flesner v. Cooper, 62 Okla. 263 (162 Pac. 1112); Kenny v. McKenzie, 25 S. D. 485 (127 N. W. 597, 49 L. R. A. (N. S.) 782); Burleigh v. Hecht, 22 S. D. 301 (117 N. W. 367); Hogg v. Shield, 114 Va. 403 (76 S. E. 934). The doctrine is available only as a bar to affirmative relief; and hence where no such relief is asked by defendant, plaintiff can not urge laches to bar a right asserted by defendant merely by way of defense. 21 C. J. § 212. Compare *Georgia Railroad & Banking Co.* v. *Wright,* 124 *Ga.* 596 (18), 619, 620 (53

S. E. 251); *Bowen* v. *Nelson,* 135 *Ga.* 567, 69 S. E. 1115); *Redding* v. *Anderson,* 144 *Ga.* 100 (86 S. E. 241); *City of Barnesville* v. *Stafford,* 161 *Ga.* 588 (134 S. E. 487). That part of the plea which by way of cross-action sought cancellation of the deed given by Middleton as further security was, under the former decision of this court, properly stricken; but as to the other portions of the plea which, in the opinion of the writer, did not seek affirmative equitable relief, he was not concluded by the former decision. When sued at law he could urge a defense, though equitable in its nature, which did not invoke the exercise of any of the extraordinary powers of a court of equity, but which if sustained would as effectually defeat the plaintiffs' claim as if cancellation were had. *House* v. *Oliver,* 123 *Ga.* 784 (51 S. E. 722); *Norton* v. *Graham,* 130 *Ga.* 391 (60 S. E. 1049); *Clower* v. *Bryan,* 175 *Ga.* 790 (166 S. E. 194). A party brought into court as a defendant may, as in this instance, though forbidden to urge a certain state of facts as a sword for attack, nevertheless use it effectively as a shield for his protection. See 19 Am. Jur. § 40. The matters set up in the plea by way of defense arose out of the same contract as sued on; and they may be pleaded in recoupment. Code, §§ 20-1311, 20-1312, 20-1313, 20-1314. The section last cited is in part as follows: "Recoupment may be pleaded in all actions ex contractu, where from any reason the plaintiff under the same contract is in good conscience liable to the defendant."

We come to this question: In an action upon promissory notes given for the purchase of land, may the defendant, remaining in possession, plead in defense thereto that he holds from the plaintiffs a bond conditioned to make good and sufficient title to the land; that the plaintiffs are unable to convey to him such title; that when he discovered this he immediately tendered back the bond for title, offered to vacate the premises, deliver possession to them, and account to them for the rents; that he entered into said contract of purchase relying on certain representations made by the plaintiffs to him, the effect of which was that they could and would convey a valid title, which representations were untrue, and were made to him for the purpose of inducing him to purchase said land, and which constituted fraud on their part; and pray for an accounting and for judgment against the plaintiffs for such sums as may be due him by reason of many expenditures by him

for improvements, taxes, etc., at the same time averring his willingness to make payment to the plaintiffs whenever they will make him title to the lands in accordance with the bond? A representation by one that he has title, made for the purpose of inducing another to purchase the property, when untrue, constitutes fraud. Compare *Williams* v. *State,* 105 *Ga.* 606. (31 S. E. 546); *Holton* v. *State,* 109 *Ga.* 127 (34 S. E. 358); *James* v. *State,* 43 *Ga. App.* 324 (158 S. E. 644); *Diamond* v. *State,* 52 *Ga. App.* 184 (182 S. E. 813). Where an obligor in a bond for title, selling for his own benefit, agrees therein to execute a good and sufficient title, he undertakes to convey "a good marketable title,—such a title as a reasonably prudent man would accept in purchasing the land or in securing a loan of money." *Horne* v. *Rodgers,* 113 *Ga.* 224, 227 (38 S. E. 768); *Toomey* v. *Read,* 133 *Ga.* 855, 858 (67 S. E. 100.) In view of the allegation in the answer that the plaintiffs were unable to convey title, it was not necessary that a demand to make title be averred. *Baynes* v. *Bernhard,* 12 *Ga.* 150, 154. The decision in *Sanderlin* v. *Willis,* 94 *Ga.* 171 (21 S. E. 291), while recognizing the rule that a purchaser of land who enters into possession under a warranty deed or bond for title can not, before eviction, defeat an action for the purchase-money, unless there has been fraud on the part of the vendor, or the latter is insolvent, or there is some other ground which would in equity entitle the purchaser to relief, nevertheless held that the obligee in a bond for title, who has paid a part of the purchase-money for the land to which the bond relates, may, when sued in a court having no equity jurisdiction by the maker of the bond upon a note given for the balance, recoup his damages resulting from a breach of the bond, notwithstanding he retains possession of the land, he having at the maturity of the note offered to pay the same and demanded compliance with the terms of the bond, and by his plea offering to surrender possession and to account for rents during the time of his occupation of the premises. In *Black* v. *Walker,* 98 *Ga.* 31 (26 S. E. 477), where this court was dealing with a suit that arose in a court other than one exercising equity powers, it was recognized that the maker of notes given for the purchase-money of land of which such maker holds undisturbed possession under a bond from the vendor, conditioned to make to the former a good and sufficient title upon the payment of the notes, could defeat the collection of the notes upon

the ground that the vendor had not in fact good title, without showing that there was a paramount outstanding title against the grantor and also fraud on his part.

In *Johnson* v. *Dorough,* 99 *Ga.* 644 (27 S. E. 187), the trial court's judgment was reversed for striking on general demurrer a plea to an action of complaint on notes, the plea averring that the notes were given for the purchase-money of land held by him under bond for title, and that the plaintiff in making the sale of the land falsely represented that he owned the same in fee, when in fact he only owned an estate for the life of another. It is true that the plea set up other facts, but the court said that "The special pleas dealt with in the present case fall clearly within the exceptions pointed out by this court in *Black* v. *Walker,*" supra. The *Johnson* decision seems to recognize that it is not necessary to show a paramount outstanding title, when it is averred that the obligor does not own the fee-simple title to the land. In *Preston* v. *Walker,* 109 *Ga.* 290 (34 S. E. 571), the ruling in the *Sanderlin* case, supra, was repeated, the following language appearing in the opinion: "This case is controlled by the case of *Sanderlin* v. *Willis,* 94 *Ga.* 171. The facts are very similar, but those in this case are stronger in behalf of the defendant than the facts were in behalf of Sanderlin in that case. Here the defendant shows absolutely that the plaintiffs can not make him a title in fee simple to the land, because three of them, Lucy, Emma, and Ida, according to the deed under which they claim the land, have only a life-estate, and William, the brother and one of the plaintiffs in the suit upon the notes, has no title at all, as his name is not mentioned in the deed from Johnson to the three sisters. Another difference between this case and that of *Sanderlin* is that it was alleged in the plea and proved at the trial that these plaintiffs were insolvent; which would bring this case somewhat under the decision of *Black* v. *Walker,* 98 *Ga.* 31, and *Johnson* v. *Dorough,* 99 *Ga.* 644. The reasoning of Mr. Justice Lumpkin in the *Sanderlin* case fully covers the questions involved in this case, and it is unnecessary to elaborate them." *Norton* v. *Graham,* supra, is another case in point, although there the purchaser apparently was not in possession. Space forbids setting out the facts of that case, but the decision itself recognizes the principle now being asserted. We quote in part as follows: "The Civil Code, § 3758, [1933, § 20-1313]

provides: 'Recoupment lies for overpayments by defendant, or payments by fraud, accident or mistake.' § 3756 [1933, § 20-1311] says that a defendant has a right, by way of recoupment, to have a deduction from the plaintiff's damages, if the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract. And § 3759 [1933, § 20-1314] is as follows: 'Recoupment may be pleaded in all actions ex contractu, where from any reason the plaintiff under the same contract is in good conscience liable to the defendant. And in all cases where, under the laws of this State, recoupment may be pleaded, if the damages of the defendant shall exceed, in amount, those of the plaintiff, the defendant shall in such cases recover of the plaintiff the amount of the excess.' According to the allegations of the defendant's plea, the payments made by him to the plaintiff on the purchase-money resulted from the same transaction and same fraud which gave origin to the note sued on; and under the sections of the Code above quoted, the city court had jurisdiction to entertain this defense and give the defendant a verdict should he prove the allegations of his plea, regardless of the place of residence of the plaintiff, or his solvency or insolvency; and the adequate remedy which that forum affords the defendant renders it unnecessary that a court, acting in his behalf, should interfere with the suit pending therein."

My conclusion is that the plea of the defendant contained facts which as against a general demurrer should not have been stricken. Since, in the opinion of the writer, the answer set up a good defense which might be asserted in a court of law, irrespective of the prayer for cancellation, to which reference has heretofore been made; and since a general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance (*Blaylock* v. *Hackel,* 164 *Ga.* 257 (5), 138 S. E. 323; *Pullen* v. *General American Credits Inc.,* 186 *Ga.* 642, 647, 198 S. E. 747), the ruling sustaining a general demurrer to the answer as amended (except that portion which averred certain payments) was, I think, erroneous. If so, it follows that it was also erroneous, in view of this error, to refuse a new trial. Having been denied relief in equity on the ground of laches, and at law by reason of the bar of the statute of limitations, in the two suits begun by him (*Pruden* v. *Middleton,* 182 *Ga.* 687, 186 S. E. 732; *Middleton* v.

*Pruden,* 57 *Ga. App.* 555, 196 S. E. 259), if when sued on notes given for the purchase-money of land the defendant files a plea the contents of which are hereinbefore summarized, he is told again that the court can grant no relief, not even protective relief, would he not be justified in voicing the exclamation of the prophet Jeremiah, "Is there no balm in Gilead?"

Mr. Justice Duckworth agrees with the writer in the view here expressed. Mr. Justice Jenkins is of the opinion that the judgment should be reversed, and is in partial agreement with the views of the writer, as will be seen by his special concurrence.

*Judgment affirmed by operation of law.*

JENKINS, Justice, concurs specially in the opinion which would result in a reversal of the judgment of the trial court. Section 81-310 of the Code provides as follows: "No part of an answer shall be stricken out or rejected on account of being contradictory to another part of the same, but the court shall suffer the whole answer to remain, if the defendant should desire it, and avail himself of any advantage he can or may have under either or the whole of said answer, and proceed to trial accordingly." While I do not believe that the defendant, under the record in this case and under that part of the answer which amounts to a plea of rescission, is entitled to the affirmative relief sought, it is nevertheless my opinion that the plea, in so far as it merely resists judgment upon the notes sued on, was good and should not have been stricken on general demurrer.

---

AMENDMENT OF SUPREME COURT RULE.

On April 16, 1941, Rule 2, relating to the Board of Bar Examinations, was amended by adding to paragraph (b): "Provided, that any one in the military or naval service of the United States, who is a bona fide resident of Georgia for the required length of time, and who possesses the other necessary qualifications, may take the bar examination in whatever circuit he may be stationed at the time the examinations are regularly held, on complying with the other provisions of these rules."

---

CORRECTION

188 *Ga.* 764, line 11 from top: *Farr* should be *Pharr.*