## HOUSE v. OLIVER et al.

1. While a city court has no jurisdiction to grant affirmative equitable relief, it may entertain jurisdiction of an equitable plea purely defensive in its nature, which upon being sustained would result simply in a general verdict in favor of the defendant.

2. A verdict and judgment in favor of the defendant in a suit on a note as effectually cancels the note as would a decree in equity; and a suit thereon in a city court will not be enjoined in order that the superior court as a court of equity may decree a cancellation of the note.

3. There was no error in refusing to grant an injunction.

Argued July 1, — Decided August 4, 1905.

Petition for injunction. Before Judge Kimsey. Hall superior court. April 12, 1905.

The record discloses the following state of facts: House and Oliver were partners. They agreed upon a dissolution and settlement of the partnership affairs. Under the agreement certain assets were turned over to Oliver, and House delivered to him his note for $850. Thereafter House brought an equitable petition against Oliver and Martin (the latter having become the owner of the $850 note), in which it was alleged that a fraud had been perpetrated upon House in the settlement of the partnership affairs, as a result of which Oliver had received more than he was entitled to, such fraud consisting in misrepresentations as to the amount of the debts due by the partnership, etc. It was alleged that upon an equitable and fair settlement of the partnership affairs Oliver was not entitled to the note for $850, nor to any of the assets delivered to him, and hence that the note was entirely without consideration; and that Martin was not an innocent purchaser without notice. The prayers were, for a full and complete accounting, that the $850 note be declared void and canceled, and that Oliver be required to return the other assets which had been turned over to him. The case was referred to an auditor, and

while it was pending on exceptions to the auditor's report, House, with the consent of Oliver and Martin, dismissed the case. Subsequently to the dismissal Martin brought a suit, in the city court of Hall county, against House on the $850 note, and Oliver, in the same court, brought a suit against House for the amount which he claimed House had wrongfully collected of the assets turned over to him in the partnership settlement. The present petition was brought by House against Oliver and Martin, attacking the partnership settlement upon the grounds on which it was assailed in the original suit, and also upon other grounds; and the prayers were, for an accounting between the parties, that the contract of dissolution be canceled, that Martin be decreed not to be an innocent holder of the note and the note be delivered up to be canceled, that if this can not be done, House recover of Oliver the full amount of the principal, interest and costs that he may be required to pay to Martin, and that he have judgment against Oliver for the value of the assets of the partnership turned over to him in the settlement, that he be restrained from collecting any of the assets that remain uncollected, and that the suits in the city court be enjoined. Oliver answered, denying all of the allegations of fraud, and set up that the settlement was fair in every way. The answer of Martin set up that he was an innocent purchaser of the note for value and without notice. The evidence as to the details of the settlement was conflicting. The judge refused to grant the injunction restraining the suits in the city court, and House excepted.

*Dean & Hobbs*, for plaintiff.   *H. H. Perry, Parks & Gaillard*, and *F. M. Johnson*, for defendants.

COBB, J.   Merely that a defense involves the application of equitable principles does not deprive a city court of jurisdiction to entertain the same. A plea which, though setting up a defense which is equitable in its nature, is purely defensive and does not involve the exercise of any of the extraordinary powers of a court of equity, may be filed in a city court. But when the plea calls for the exercise of those powers which have sometimes been described as "the larger powers" of the court of chancery, such as cancellation, reformation, and the like, a city court can not entertain jurisdiction. In the case of *National Bank* v. *Carlton*, 96 *Ga.* 469, a suit in a city court was enjoined upon

the ground that the plaintiff was entitled, under her allegations, to a cancellation of a deed, and that this relief could not be granted to her by the city court. In *English* v. *Thorn*, 96 *Ga.* 557, a suit in a city court was enjoined upon the ground that the plaintiff was entitled, under the allegations of the petition, to a reformation of the contract, and that this was beyond the power of the city court. In *Ragan* v. *Standard Scale Co.*, 123 *Ga.* 14, a claimant sought to mold a decree enforcing the equitable right of subrogation, which involved the revival of a canceled mortgage; and it was held that such relief was beyond the power of a city court to grant. The cases cited are those upon which the plaintiff in error relies for a reversal of the judgment refusing to grant the injunction ; but the allegations of the petition do not bring the case within the principle of any of those decisions. There is a prayer for the cancellation of the dissolution agreement of the partnership; but when the allegations of the petition are taken as a whole, it appears that the plaintiff does not desire that the dissolution be set aside and the partnership reinstated, but that the relief sought is simply an accounting of the partnership affairs according to the truth and justice of the case. Nor is it necessary, even if it had been desired, that the agreement of dissolution should be set aside. If the $850 note was obtained by fraud, or if other assets reached the possession of Oliver for a similar reason, we do not see why House can not avail himself of these facts by a purely defensive plea in the city court. If the note was without consideration, and of such a character that a plea of no consideration would be available as a defense to it, this defense can be pleaded in the city court, and any evidence which would be admissible in any court to establish this fact would be admissible there. If House had a right to collect from debtors to the firm those claims which had been turned over to Oliver, a defensive plea setting up this right would be within the jurisdiction of the city court, and he could be as fully protected in that court under such a plea as in any other court. House claims simply that Oliver has perpetrated a fraud upon him, that therefore he had no right to collect the $850 note, and that House had a right to collect other claims which were turned over to Oliver. These matters can be fully pleaded ; and if House establishes his defense, the city court can render a judgment in

his favor in each of the cases in which he is sued.   If Martin is not an innocent purchaser, his suit may be defeated by any defense of which House could avail himself if the note had not been transferred.   But it is said that there is a prayer for a cancellation of the $850 note, and that the city court can not decree a cancellation of the note.   If House has a complete legal or equitable defense to the note, and can establish this defense in the city court, a judgment in his favor will be rendered, and no decree cancelling the note will be necessary for his protection.   In the *Carlton* case, above referred to, the prayer was, not for a cancellation of the note, but for a cancellation of the deed given to secure the note, and for other equitable relief in connection with the transaction.   Where there is a single transaction, represented by a single note, a judgment by any court of competent jurisdiction in favor of the defendant on any plea which has the effect to discharge him from liability on the note as completely cancels the note as would a decree in equity.   If this were not true, then every defendant sued in any court upon a written promise to pay could transfer the case to the superior court by simply setting up in his petition what would have been a proper plea in the case and adding a prayer for cancellation.   If the transaction involved a series of notes, all subject to the same defense, and only one was sued, and the petition sought to enjoin this suit and to cancel all of the notes connected with the transaction, thus avoiding a multiplicity of suits, a different question would arise.   We do not think there was any error in refusing to grant the injunction restraining the prosecution of the suits in the city court.

*Judgment affirmed.   All the Justices concur, except Simmons, C. J., absent.*