## NORTON *v.* GRAHAM *et al.*

Where the defendant, in a suit in a city court on a note for the purchase-money of land, files a plea alleging, that the land is owned by and is in the possession of a third person, and that the plaintiff (the payee of the note) refuses and is unable to make titles to the land to the defendant, and that the note was given and payments on such purchase-money were made to the plaintiff on the faith of his representation that he owned the land and would make a good title thereto to the de-fendant, which representations were false and fraudulent, and the de-fendant seeks a recovery of the money paid and a cancellation of the notes—*Held:*

(a) The city court has jurisdiction to entertain such defense and permit such recovery.

(b) The suit is not such a suit "respecting titles to land" as would deprive the city court of jurisdiction to try the case, the title to the land being only incidentally or collaterally involved.

(c) A final judgment in favor of the defendant in the city court would as effectually relieve him of the obligation to pay the note as would a decree of a court of equity cancelling the note; and a prayer in such plea that the note be cancelled did not make it proper for a court of

equity to enjoin such suit and take jurisdiction thereof in order to determine the issues made therein.

Submitted February 4,—Decided March 26, 1908.

Petition for injunction.    Before Judge Freeman.    Carroll superior court.    September 27, 1907.

John C. Norton applied to the superior court of Carroll county to enjoin ·Benjamin Graham et al. from prosecuting, in the city court of Carrollton, a suit instituted by Graham against him on a promissory note given for the purchase of certain land; to which suit he had filed a plea alleging, that the plaintiff was insolvent and did not own and could not make title to the land for which the note was given, and that the land was in the possession of another person, who was the true owner; that he had paid the plaintiff $150 on the purchase-price, $100 of which had been paid to an agent of the plaintiff, to be credited on the note; that he was induced to give the note and make these payments by the fraudulent representations of the plaintiff that he was the owner of the land and would make him good title thereto.    In this plea he prayed that the note be cancelled, and that he have judgment for the $150 paid to the plaintiff, with interest thereon.    A copy of the pleadings in the city court was attached to the petition for injunction.    The petitioner alleged, that Graham was a non-resident of this State, and that the city court had no jurisdiction to entertain the defense made to the suit in that court; and he prayed, that Graham and his attorneys be enjoined from further prosecuting the suit therein, that the same be transferred to the superior court, and that he be permitted to file his defense in the superior court.    The defendants in this equitable proceeding admitted the insolvency of Graham and that he was a non-resident, but denied the other material allegations of the petition, including the contention that the city court was without jurisdiction to give the plaintiff the relief asked for. On the hearing, the court denied the injunction, and the case is before this court on exceptions to the order denying the same.

*Beall & Adamson,* for plaintiff.

*Brown & Roop,* for defendants.

HOLDEN, J.    (After stating the facts.)

The allegations contained in the plea of the defendant to the suit in the city court set up a good defense of which the city court had jurisdiction.    In this plea he avers, that the land for the pur-

chase-money of which the note was given is owned by and is in the possession of a third person; that the plaintiff refuses and is unable to make him a good title to the land; and that the note was executed and the payment of $150 made to the plaintiff through a mistake of fact, induced by the false and fraudulent representations of the plaintiff that he owned the land and would make good title thereto to the defendant. The defendant, in that suit, was not only entitled to defeat a recovery on the note, but was entitled to a verdict against the plaintiff for the $150, with interest thereon, provided he sustained the allegations of his plea. This was what the defendant sought to accomplish by his plea, and he needed no aid of a court of equity to obtain such relief; as the city court had jurisdiction to entertain a plea of this nature. The law says, "Fraud voids all contracts." If the note for the purchase-money of the land was obtained from the defendant through the fraud of the plaintiff, and he is unable to make to the defendant good titles to the land, its collection could be defeated in the city court. If the defendant had made payments to the plaintiff on the purchase-price, which were obtained by the plaintiff from the defendant on the same contract, and by reason of the same fraud on the part of the plaintiff which resulted in the giving of the note, the defendant could, by way of recoupment, have a verdict against the plaintiff for such damages as he has sustained by reason of such payments, with interest thereon, in the city court. *McCall v. Wilkes,* 121 *Ga.* 722 (49 S. E. 722); *Arnold v. Carter,* 125 *Ga.* 319 (54 S. E. 177). The Civil Code, §3758, provides: "Recoupment lies for overpayments by defendant, or payments by fraud, accident or mistake." §3756 says that a defendant has a right, by way of recoupment, to have a deduction from the plaintiff's damages, if the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract. And §3759 is as follows: "Recoupment may be pleaded in all actions ex contractu, where from any reason the plaintiff under the same contract is in good conscience liable to the defendant. And in all cases where, under the laws of this State, recoupment may be pleaded, if the damages of the defendant shall exceed, in amount, those of the plaintiff, the defendant shall in such cases recover of the plaintiff the amount of the excess." According to the allegations of the defendant's plea, the payments made by him to the plaintiff on the purchase-money resulted from

the same transaction and same fraud which gave origin to the note sued on; and under the sections of the code above quoted, the city court had jurisdiction to entertain this defense and give the defendant a verdict should he prove the allegations of his plea, regardless of the place of residence of the plaintiff, or his solvency or insolvency; and the adequate remedy which that forum affords the defendant renders it unnecessary that a court, acting in his behalf, should interfere with the suit pending therein.

This is not such a suit "respecting titles to land" as would deprive the city court of jurisdiction to entertain it and to render a verdict and judgment in favor of the defendant, should he be entitled thereto. The title to the land was only incidentally or collaterally involved. *Black* v. *Fritz*, 98 *Ga.* 32 (25 S. E. 188); *Osmond* v. *Flournoy*, 34 *Ga.* 509; *Hicks* v. *Kiser*, 103 *Ga.* 738 (30 S. E. 583).

The plaintiff in error, in his plea as defendant to the suit in the city court, prayed for a cancellation of the note sued on, and complains that the city court has no jurisdiction to cancel the note, and that it was therefore proper that the city court be enjoined, in order that this issue may be decided in a court of equity having jurisdiction of the cancellation of instruments. A final judgment in favor of the defendant, in the suit which is based on this note, would free the defendant from any danger of ever having to pay it, and would be as effectual to rid him of the obligation of the note as would a decree cancelling the same, and he has no need of a court of equity for this purpose. *House* v. *Oliver*, 123 *Ga.* 784 (51 S. E. 722).

The plaintiff in error having shown no necessity for enjoining the prosecution of the suit pending in the city court, the judgment refusing an injunction is    *Affirmed. All the Justices concur.*