## 7813. PARK, receiver, *v.* CARMICHAEL.

BROYLES, P. J. 1. Recoupment may be pleaded in all actions ex contractu, where for any reason the plaintiff under the same contract is in good conscience liable to the defendant. Civil Code of 1910, § 4353.

(*a*) A city court has jurisdiction to entertain a plea of recoupment and to give judgment for the excess. *Norton* v. *Graham*, 130 *Ga.* 391 (60 S. E. 1049).

2. Where an action is brought to enforce the payment of a debt for which collateral security has been given, it is incumbent upon the plaintiff to produce and restore the collateral security, or to account satisfactorily for its non-production. *Turner* v. *Commercial Savings Bank*, 17 *Ga. App.* 631 (87 S. E. 918).

3. In a suit brought by the receiver of a bank the defendant may avail himself of any defense which he might have urged had the action been brought by the bank itself. The receiver takes the assets and choses in action of the bank subject to any equitable set-off which the defendant might have urged against the corporation itself. The appointment of a receiver "does not at all affect the right." High on Receivers (4th ed.), §§ 245, 247, 364 (a); *Moise* v. *Chapman*, 24 *Ga.* 249; Scott *v.* Armstrong, 146 U. S. 499 (13 Sup. Ct. 148, 36 L. ed. 1059). See also, to the same effect, *Ray* v. *Dennis*, 5 *Ga.* 357; *State* v. *Brobston*, 94 *Ga.* 95 (1), 97 (21 S. E. 146, 47 Am. St. R. 138). In the instant case the defendant's debt to the bank passed to the receiver subject to any set-off that might have been pleaded by her in defense to an action brought by the bank itself.

4. The defendant's answer shows that her claim against the bank, which she pleaded as a set-off against the claim upon which she was being

sued by the receiver of the bank, arose out of an express contract with the bank and in regard to the very claim upon which she was being sued; and therefore the city court of Blakely had jurisdiction to entertain the plea and to render judgment for the defendant. Moreover, even if the plea could be construed as showing that the defendant's counter-claim arose ex delicto, the tort could be waived and the claim set up as a defense, as upon an implied contract. *Sanderlin* v. *Willis*, 94 *Ga.* 171 (21 S. E. 291); *McAllister* v. *Millhiser*, 96 *Ga.* 474 (23 S. E. 502); 34 Cyc. 711. In such a case the defendant would not be pleading a cause of action arising ex delicto as a defense to an action arising ex contractu, but would be pleading a claim arising ex contractu as a defense to a claim arising in the same manner.

5. "While a city court has no jurisdiction to grant affirmative equitable relief, it may entertain jurisdiction of an equitable plea purely defensive in its nature, which upon being sustained would result simply in a general verdict in favor of the defendant." *House* v. *Oliver*, 123 *Ga.* 784 (51 S. E. 722). Under this ruling, even if the defendant's answer in the case at bar could be construed as an equitable plea, there having been merely a general verdict in favor of the defendant, the final judgment entered up in favor of the defendant will not be reversed, although there was a prayer in the plea that the defendant be permitted to recover from the receiver the difference between the amount of the claim sued upon and that of the counter-claim set up. This prayer, under the facts of the case, will be treated as surplusage; and although it would have been better practice to strike it, yet as the jury found only generally for the defendant, the plaintiff was not injured by the failure to strike it.

6. Under the facts as disclosed by the pleadings, the court did not err in refusing to strike either paragraph 4 of the defendant's original answer, or the amendment to the answer, or in entering up final judgment in favor of the defendant.

7. A most painful impression has been made upon this court by the very irrelevant and intemperate criticism of the lower court contained in the brief of counsel for the plaintiff in error. In law as well as in "baseball" it may be natural for the losing side to "cuss" the "umpire." However, any such "cussing" in the former profession must be done elsewhere than before this court. Hereafter briefs of counsel which contain irrelevant, intemperate, and illegitimate animadversion on the lower court will not be considered, but, by order of the court, will be returned to counsel, and will not again be received until the objectionable matter has been stricken.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

DECIDED MAY 3, 1917.

Complaint; from city court of Blakely—Judge Sheffield. August 1, 1916.

*Glessner & Collins,* for plaintiff. *L. M. Rambo,* for defendant.