## 10622.   FULLER *v.* COKER.

BROYLES, C. J.   1. "The right of one sued at law in an action ex contractu to set off damages arising out of a tort committed by the plaintiff, on the ground that the latter is insolvent or is a non-resident, is a right in

this State recognized only by a court of equity." *Hecht v. Snook & Austin Co.*, 114 *Ga.* 921 (1), 928 (41 S. E. 74); *Geer* v. *Cowart*, 5 *Ga. App.* 251 (62 S. E. 1054). See also *Smith* v. *Green*, 128 *Ga.* 90 (4) (57 S. E. 98). Under the above ruling the city court of Americus had no jurisdiction to entertain that part of the defendant's plea which set up as a defense damages arising ex delicto.

2. "Between the parties themselves any mutual demands, arising at the time of the commencement of the suit, may be set off." Civil Code (1910), § 4340.

(a) "A plea of set-off is not good unless it alleges facts showing that the demand against the plaintiff which the defendant therein seeks to set up was in existence and due to the latter by the former at the time his action was begun." *Walters* v. *Eaves*, 105 *Ga.* 584 (3), 587 (32 S. E. 609).

(b) "If a plaintiff resides without this State, or is insolvent, the defendant may set off against him a debt not due, under such equitable terms as may be prescribed by the court." Civil Code (1910), § 4349. In such a case, however, equitable relief is clearly involved, and where the defendant therein pleads the non-residence or the insolvency of the plaintiff, and further asks a judgment in excess of the plaintiff's demand, affirmative equitable relief is involved, and a city court has no jurisdiction to entertain the plea.

3. In the instant case the defendant's claim for rent, which largely formed the basis of the damages arising ex contractu, pleaded as a set-off, was not due at the time of the commencement of the suit, and under the above ruling the city court of Americus was without jurisdiction to entertain this part of the plea. This ruling is not in conflict with the decision in *Bibb Land-Lumber Co.* v. *Lima Machine Works*, 104 *Ga.* 116 (30 S. E. 676, 31 S. E. 401), since in that case, as was pointed out in the case of *Hecht v. Snook & Austin Co.*, supra, the question of the jurisdiction of the city court of Macon to entertain the plea was not raised.

4. The point argued in the brief of counsel for the plaintiff in error, that the oral demurrer of the plaintiff was made too late, was not raised in the trial court, and therefore will not be considered.

5. The court did not err in sustaining the oral demurrer to the defendant's plea as amended, or in thereafter overruling the motion for a new trial.

*Judgment affirmed.    Bloodworth, J., concurs.    Luke, J., dissents.*
DECIDED NOVEMBER 7, 1919.

Complaint; from city court of Americus—Judge Harper. April 30, 1919.

On May 4, 1918, E. B. Coker brought an action in the city court of Americus against Mrs. Docia Fuller on an account for $137, money loaned, and interest thereon. The defendant in her answer as amended denied indebtedness, and in substance alleged: She did borrow of the plaintiff $137 at or about the time alleged in his petition (October 18, 1917), but at that time and simultaneously

she leased to him for five years, commencing January 1, 1918, a farm in Sumter county, Georgia, for which he executed and delivered to her five rent notes payable in cotton (7 bales each) on the first day of October of each year respectively, and in the contract further agreed "to allow [her] . . . to live with him as one of the family for the period of his said lease and not charge her any board." Copies of the lease and the notes (dated September 17, 1917) were attached to the answer. It is alleged, that "in part compliance with said contract and agreement said plaintiff did loan and deliver to this defendant on or about the 18th day of October, 1917, $137 of the $2,000 that he agreed and contracted to loan defendant." In pursuance of the lease contract the plaintiff moved on the premises and commenced his farming operations thereon in the first part of the year 1918. Under the terms of the loan as agreed upon when the lease contract was made, the defendant was to have five years in which to pay back the said $2,000, and was to repay it with the proceeds of the rent cotton. He failed to carry out his contract by lending to the defendant the remainder of the $2,000, and on or about February 6, 1918, he abandoned his farming operations and without just cause moved away from the leased premises, declaring his intention not to pay the rent as contracted for; "by reason of which facts," it is alleged, "the said $137 is not due and owing said plaintiff." It is further alleged, that the plaintiff is insolvent and a non-resident; that while occupying the leased premises he destroyed certain buildings and fences thereon, to the defendant's injury and damage in the sum of $266.40 (itemized) ; that the rent for the year 1918 amounted to $1,120, the market value of the rent cotton specified in the contract; that in order to reduce her loss as much as possible the defendant rented a part of the premises for the remainder of the year 1918 to certain persons for $170, leaving a balance due her by the plaintiff for rent of that year of $950; that he is indebted to her the further sum of $165 for board for 11 months, provided for in the contract, making a total of $1,115 due her under the rent contract, for the year 1918, besides the $266.40 due for damage to the property.

The following prayer was in the answer as finally amended: "And defendant prays that said sum of $266.40 be set off against said sum of $137.00 with interest, sued for by plaintiff, and the

same be found and adjudged to be in full payment by set-off and satisfaction of said sum sued for by plaintiff; this defendant not asking for a judgment in her favor against said plaintiff for the excess of said $266.40 over and above the claim of plaintiff, but only prays that same be found and adjudged to be in full settlement and satisfaction thereof; no relief in behalf of this defendant in respect to said damage of $266.40 being asked or prayed for." The defendant further prayed for judgment against the plaintiff for the sums alleged to be due for rent and board for the year 1918.

At the trial term the plaintiff demurred orally to the plea as amended, "upon the grounds that the set-off and counter-claims set forth . . could not be set up in the city court of Americus, could not be set up against plaintiff's demand, and were insufficiently alleged." The court sustained the demurrer and struck the answer, except the general denial of indebtedness. The case proceeded to trial, the plaintiff testified in proof of his claim, and a verdict was rendered in his favor; the defendant's motion for a new trial was overruled, and she excepted. Counsel for plaintiff in error cited: 8 *Ga. App.* 572 (2); *Id.* 541-2; 123 *Ga.* 784 (1); 124 *Ga.* 543-4; 125 *Ga.* 644-5; 128 *Ga.* 333; Civil Code (1910), § 5632; 5 *Ga. App.* 876; 96 *Ga.* 469; 105 *Ga.* 406; 147 *Ga.* 99 (1); 20 *Ga. App.* 37 (5); 21 *Ga.* 108; 82 *Ga.* 281; 104 *Ga.* 116; 89 *Ga.* 76; 102 *Ga.* 702; 110 *Ga.* 392 (2); 111 *Ga.* 668 (3); 114 *Ga.* 921; 125 *Ga.* 319, 325; 145 *Ga.* 147.

*Hixon & Pace,* for plaintiff in error. *Shipp & Sheppard,* contra.

LUKE, J., dissenting. I do not agree with the conclusion and judgment reached by a majority of the court in this case. A city court has jurisdiction to entertain an equitable plea which is purely defensive in its nature and which would reduce the amount of plaintiff's recovery or would result in a verdict finding generally for the defendant, unless in order to obtain the result of such plea it would be necessary for the court to exercise the extraordinary powers of affirmative relief, such as reformation or cancellation, etc. See *Butler* v. *Holmes,* 128 *Ga.* 333, 336 (57 S. E. 715), and cases cited; *Hanesley* v. *National Park Bank,* 147 *Ga.* 96 (92 S. E. 879); *Park* v. *Carmichael,* 20 *Ga. App.* 36 (92 S. E. 397), and cases cited. The equitable plea of the defendant in this case, wherein there is pleaded a right arising ex delicto against the plaintiff's demand arising ex contractu, conforms to the exception pointed

out in the opinion of *Swift* v. *Oglesby,* 8 *Ga. App.* 540, 541, 542 (70 S. E. 97), and cases cited.

I think the plea of the defendant was good as against the oral demurrer of the plaintiff.