## CLOWER *v.* BRYAN.

No. 8882. OCTOBER 13, 1932.

*R. B. Blackburn,* for plaintiff.   *M. M. Anderson,* for defendant.

HILL, J.   Mrs. Minerva J. Clower brought a petition against Miss Bessie Bryan and H. E. Hawkins, alleging in substance the following:  In October, 1929, petitioner contracted with H. E.

Hawkins for the purchase of certain described property located in Pickens County, for the price of $400, to be paid at the rate of $20 per month, the note providing that upon default for thirty days in any monthly payment the entire note should become due and payable. Upon execution and delivery of the note Hawkins promised petitioner that he would have executed and delivered his bond for title to the property. Hawkins caused to be executed and delivered to her a bond for title signed by Alma Catts, and she could not compel Alma Catts to make title to the land under her contract with Hawkins. Hawkins perpetrated a fraud upon petitioner in procuring her signature to the note. The note was assigned and transferred, before it was due, by Hawkins to Bessie Bryan, and she is undertaking to secure a personal judgment on the note by suit in the municipal court of Atlanta. The petitioner made several payments on the note after it was assigned. She has no adequate remedy at law. She prays that the note be canceled and declared to be null and void, that the defendants be enjoined from prosecuting the suit in the municipal court; and for general relief.

The defendant demurred to the petition on the ground that it set out no cause of action and no cause for equitable relief. She also filed an answer, admitting certain allegations and denying others, and averring that a proper bond for title was executed and delivered to the plaintiff; that it would have been impossible for Hawkins to execute and deliver a bond for title, as the title to the property was in Alma Catts; that at the time defendant purchased the note there was placed in escrow with her a warranty deed signed by Alma Catts, which was to be delivered upon payment of the note, which facts were well known to the plaintiff; and that defendant is ready and willing to deliver the warranty deed upon payment of the note.

The court sustained the general demurrer and dismissed the petition. The plaintiff excepted. Error was assigned also because the court refused to continue the case, when it appeared that Hawkins, one of the defendants, was not served.

As a general rule equity will not enjoin the proceedings of a court of law, unless there is some intervening equity or other defense of which the party, without fault on his part, can not avail himself at law. Civil Code (1910), § 5492. Has the plaintiff an adequate

remedy at law? If the plaintiff has a good defense to the suit in the municipal court, she may set it up by answer, although that court has no jurisdiction to grant affirmative equitable relief. It was held in *House* v. *Oliver*, 123 *Ga.* 784 (51 S. E. 722), "While a city court has no jurisdiction to grant affirmative equitable relief, it may entertain jurisdiction of an equitable plea purely defensive in its nature, which upon being sustained would result simply in a general verdict in favor of the defendant. . . A verdict and judgment in favor of the defendant in a suit on a note as effectually cancels the note as would a decree in equity; and a suit thereon in a city court will not be enjoined in order that the superior court as a court of equity may decree a cancellation of the note." To the same effect see *Norton* v. *Graham*, 130 *Ga.* 391, 394 (60 S. E. 1049).

Under those decisions, whatever meritorious defense the plaintiff may have can be asserted in the municipal court as effectually by way of defense as to obtain equitable relief in a court of equity. See *Exchange National Bank of Fitzgerald* v. *Henderson*, 139 *Ga.* 260, 262 (77 S. E. 36, 51 L. R. A. (N. S.) 549). The court below did not err in sustaining the demurrer and in dismissing the petition.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*