## EQUITABLE LIFE ASSURANCE SOCIETY v. BISCHOFF.

*Lawton & Cunningham,* for plaintiff in error.

*Hyman S. Levy* and *Gazan, Walsh & Bernstein,* contra.

PER CURIAM. This was a suit at law on a policy of life insurance. After verdict and judgment for the plaintiff and a judgment refusing a new trial, the defendant brought the case to this court. The insurer defended on the ground that the first premium was not paid during the "good health" of the insured, in accordance with a provision in the application. The answer alleged that, before the suit was filed, the insurer served upon the plaintiff beneficiary a "notice of cancellation," and tendered the amount of the premium paid, which tender was repeated and made continuing in the answer. The defendant further alleged that the beneficiary knew that the insured was not in good health at the time the first premium was paid, and that a recovery by the plaintiff in these circumstances would be contrary to the principles of equity, and the plaintiff ought to be required to deliver the policy to the defendant and to accept the cash tendered to her together with a described note given by the insured in connection with the transaction. The defendant prayed that the court "decree" that the policy "never took effect, and . . require the plaintiff to surrender the same to the defendant for cancellation."

The action being one at law, and the defendant's answer, if at all equitable in nature, being purely defensive, the sustaining of which would result simply in a general verdict in favor of the defendant, the case is not an "equity case" within the meaning of the constitutional provision relating to the jurisdiction of this court. The Court of Appeals, and not the Supreme Court, has jurisdiction. *House* v. *Oliver,* 123 *Ga.* 784 (51 S. E. 722); *Norton* v. *Graham,* 130 *Ga.* 391 (60 S. E. 1049).

*Transferred to the Court of Appeals. All the Justices concur.*