## HAYGOOD *v.* IMPROVED ORDER OF SAMARITANS.

No. 12156.   JANUARY 12, 1938.

*Carlisle Cobb* and *Jake B. Joel,* for plaintiff.
*Green & Michael,* for defendant.

HUTCHESON, Justice. Carrie Haygood brought in the superior court her equitable petition against the Improved Order of Samaritans, alleging substantially as follows: There is pending in the city court of Athens a suit against the petitioner by the defendant, in which suit the defendant is seeking a judgment against petitioner on certain notes executed by petitioner to the defendant, and a special lien on certain described real estate belonging to petitioner and which petitioner had conveyed to defendant to secure the indebtedness evidenced by the notes sued on. Petitioner was unable to pay the notes when they became due, and offered to surrender the real estate to defendant in payment of the debt. An agreement was then entered into between petitioner and the defendant,

wherein the defendant agreed that if petitioner would pay $50 cash on the notes she would be allowed to pay the balance at the rate of $15 per month. In reliance on this promise petitioner succeeded in borrowing $50 from her friends, which was paid to the defendant. She is now indebted to her friends for the $50. As a part of this new agreement her husband agreed "that he would wash the cars" of the defendant, and the defendant "took advantage of that part of the new agreement on several occasions." The defendant "refuses, and in bad faith, to accept the due payments under said novation, though petitioner has tendered them, does now tender them, and does continue to tender them." She is ready and willing and able to carry out her new contract with the defendant, and desires in good faith to do so, as in equity she should be permitted to do. She has no adequate remedy at law. She prays that the suit in the city court be enjoined and consolidated with the present suit by petitioner, that the notes sued on in the city court be canceled, and that specific performance be granted, and that the defendant be ordered to accept the payments of the petitioner in accordance with the novation. On demurrer the court dismissed the petition on the ground that the plaintiff had an adequate remedy at law by setting up her defenses in the city-court suit; to which judgment she excepted.

1. "While a city court has no jurisdiction to grant affirmative equitable relief, it may entertain jurisdiction of an equitable plea purely defensive in its nature, which upon being sustained would result simply in a general verdict in favor of the defendant." *House v. Oliver*, 123 *Ga.* 784 (51 S. E. 722); *Hanesley v. National Park Bank*, 147 *Ga.* 96 (92 S. E. 879).

2. "A verdict and judgment in favor of the defendant in a suit on a note as effectually cancels the note as would a decree in equity; and a suit thereon in a city court will not be enjoined in order that the superior court as a court of equity may decree a cancellation of the note." *House v. Oliver*, supra; *Norton v. Graham*, 130 *Ga.* 391 (60 S. E. 1049); *Clower v. Bryan*, 175 *Ga.* 790 (166 S. E. 194).

3. "A court of equity will not decree specific performance of a contract which requires the discharge of continuous duties over a long period of time, in order to compel obedience to its decrees. See *Edwards v. Milledgeville Water Co.*, 116 *Ga.* 201, 203 (42 S.

E. 417) ; *Greer* v. *Pope,* 140 *Ga.* 743 (2), 745 (79 S. E. 846)." *Rosenkrantz* v. *Chattahoochee Brick Co.,* 147 *Ga.* 730 (95 S. E. 225).

4. Whether or not the facts of the instant case bring it within the rule just stated, if the petitioner should sufficiently allege and prove a valid contract granting her an extension of the indebtedness sued upon in the city court, a judgment would be rendered in her favor, which judgment would as effectively grant her an extension of the indebtedness as a decree in equity for specific performance of the alleged new contract.

5. The court did not err in dismissing the petition on the ground that petitioner had an adequate remedy at law by setting up her defenses in the city court.

*Judgment affirmed. All the Justices concur.*