PEAVY *v.* GENERAL SECURITIES CORP. *et al.*

DUCKWORTH, Chief Justice. 1. Equity will not enjoin proceedings in a court of law unless there is some intervening equity or other defense of which the party without fault can not avail himself in the suit at law. Code, § 55-103.

2. Courts of law have jurisdiction to entertain equitable defenses where no affirmative equitable relief is sought. *House* v. *Oliver,* 123 *Ga.* 784 (51 S. E. 722); *Norton* v. *Graham,* 130 *Ga.* 391 (60 S. E. 1049); *Clower* v. *Bryan,* 175 *Ga.* 790 (166 S. E. 194); *Equitable Life Assurance Society* v. *Bischoff,* 179 *Ga.* 255 (175 S. E. 560); *Haygood* v. *Improved Order of Samaritans,* 185 *Ga.* 347 (195 S. E. 164).

3. Though the action at law be based upon a promissory note under seal, where the suit thereon is by the first indorsee against the payee as the indorser a plea of want of consideration is maintainable. *Citizens Bank of Blakely* v. *Hall,* 179 *Ga.* 662 (177 S. E. 496).

4. Where a defendant may have a remedy over against another and vouches him into court by giving him notice of the suit, the judgment rendered therein shall be conclusive against the party vouched as to the amount and the right of the plaintiff to recover. Code, § 38-624.

5. The petition here alleges: that the defendant Minor sold an automobile, and, at Minor's request, the petitioner was named payee in the note therefor and executed a transfer thereof to the defendant, General Securities Corporation, which issued its check payable to the petitioner and the purchaser, who in turn indorsed the same and delivered it to the defendant Minor; that the petitioner demanded that the transfer be without recourse, and upon the transferee's promise that it would so provide, the transfer was executed in blank, and thereafter the blank was filled in to read with recourse; that suit by the transferee in a court of law upon the note against the petitioner has been filed, and it was prayed that the plaintiff in the suit at law be enjoined from prosecuting the same and from transferring the note, and that the petitioner be decreed not liable on said note, and that, if held liable, the petitioner, at the same time, have judgment against the defendant Minor for the same amount. On application of the foregoing rules of law, no cause for equitable relief is shown, and the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur, except Head, J., who is disqualified.*

No. 17444. SUBMITTED APRIL 10, 1951—DECIDED MAY 15, 1951.

*Sidney W. Hatcher* and *Frank G. Wilson*, for plaintiff.

*Carlton Mobley, H. T. O'Neal Jr., Harry Nottingham, O. L. Long, John B. Harris Jr.,* and *Harris, Harris, Russell & Weaver,* for defendants.