### 27230. LEWIS v. CITIZENS EXCHANGE BANK et al.

ARGUED JUNE 12, 1972—DECIDED JULY 12, 1972.

*Elsie H. Griner, Edward Parrish,* for appellant.

*Jack J. Helms,* for appellees.

GRICE, Presiding Justice. This case arose when Bill Lewis sought to enjoin the enforcement of a judgment rendered in the Superior Court of Atkinson County, which directed the sheriff to seize a tractor owned by him and deliver it to the Citizens Exchange Bank. He alleged that this judgment was rendered in a trover action brought by the bank against Henry Morris Lewis, who was the only party named or served as defendant therein, but that he, Bill Lewis, filed a claim to the property.

On March 9, 1972, the trial court entered the following order, which is appealed from: "The foregoing matter coming on for hearing this date, and argument of counsel for both parties; it is the judgment of the court that the motion of defendants to dismiss the complaint should be sustained on the ground that said complaint fails to state a cause of action and shows on its face that plaintiff is not entitled to the relief sought, because the same was not sworn to and there has not been any testimony under oath to sustain plaintiff's position. The restraining order heretofore issued by the court is hereby vacated . . ."

We find no error.

*Code Ann.* § 81A-165 (b) (Ga. L. 1966, pp. 609, 665; 1967, pp. 226, 240) declares that "No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon."

*Code* § 81-110 requires that "Petitions for a restraining order, injunction, receiver, or other extraordinary equitable relief shall be verified positively by the petitioner or supported by other satisfactory proofs."

The prayers of the appellant's complaint were that the appellees be "restrained and enjoined" from seizing or interfering with his property. However, the record shows that the above provisions were not complied with. Therefore, the order of the trial court is

*Affirmed. All the Justices concur. Nichols, Undercofler and Gunter, JJ., concur specially.*

GUNTER, Justice, concurring specially. The record in this case shows that on the 24th day of January, 1972, the Judge of the Superior Court of Atkinson County entered a judgment in Civil Action No. 3676 ordering Henry Morris Lewis and Bill Lewis to surrender possession of a tractor to the Citizens Exchange Bank and upon their failure to do so the sheriff was directed by the court to seize possession of the tractor and deliver the same to the bank.

Insofar as the record discloses, this judgment was not appealed.

On February 11, 1972, Bill Lewis filed Civil Action No. 3691 in the Superior Court of Atkinson County against the Citizens Exchange Bank and the sheriff seeking to enjoin them from interfering with his possession of the tractor.

The defendants then filed defensive pleadings, among the defenses being a motion to dismiss the complaint on the ground that it failed to state a claim for which relief could be granted. The trial judge granted this motion and dismissed the complaint by a judgment dated March 6th and filed March 9, 1972.

Bill Lewis has appealed from this judgment. His complaint in Civil Action No. 3691 has attached thereto as Exhibit "A" the judgment rendered in Civil Action No. 3676. His complaint therefore showed on its face that the same court that he was asking to enjoin the defendants from interfering with his possession had previously ordered him and others to deliver possession of the tractor to those defendants. The complaint thus showed on its face that it did not state a claim for which injunctive relief could possibly be granted; and the trial judge's order dismissing the complaint was proper.

I would affirm the judgment for the reason stated herein.

I am authorized to state that Justice Nichols and Justice Undercofler join me in this special concurrence.