31948. BERNATH v. MALLOY et al.

HALL, Justice.

This is an appeal from an order of the Superior Court of DeKalb County denying a request to enjoin prosecution in the State Court of DeKalb County.

In February 1974 Capital Land Investments bought certain property from appellant Bernath. The sale was consummated in part by a promissory note and a deed to secure debt. The appellant's real estate agent was compensated in part with a broker's note. Subsequent to the sale, the broker's note was assigned to appellees Malloy and Faussemagne, and the main note and its deed to secure debt were transferred to Benjamin Blatt who has since transferred it to an unknown party.

In February 1976 Bernath defaulted on the broker's note, now held by Malloy and Faussemagne; they accelerated payment and brought suit against Bernath in the State Court of DeKalb County. Thereafter, Bernath sued Malloy, Faussemagne, Blatt, the Lynx Corporation, Capital Land Investments, and John Doe in the Superior Court of DeKalb County, alleging that these parties had conspired to defraud him; appellant also sought an injunction of prosecution in Malloy's and Faussemagne's state court suit. On the merits of his superior court action Bernath argues that he had a repurchase option agreement with Blatt, which was violated when Blatt assigned the main note and its security deed, and that the others knew of this option and acted in concert to deprive him of his rights.

A hearing was held on the injunction in the Superior Court of DeKalb County on October 28, 1976. The injunction was denied for the reasons that the appellant failed to show any legal basis for such an injunction and the appellant's contentions could be pleaded as a defense to the state court action.

1. Code Ann. § 81-110 provides that petitions for injunctions shall be *"verified positively by the petitioner or supported by other satisfactory proofs."* This Code section was not repealed by the Civil Practice Act and is still the applicable law with respect to petitions for injunctions. See Code Ann. Ch. 81A-2. In *Lewis v. Citizens Exchange Bank,* 229 Ga. 333 (191 SE2d 49) (1972), this court held that a complaint seeking injunctive relief should be dismissed where the plaintiff introduces no affidavit, verification or other proof. The complaint in this case was not verified by the petitioner, nor did he introduce any affidavits in support of his claims which were made "on

information and belief." Furthermore, we do not have a transcript of the injunction hearing to review. Based on the record we do have, we must presume that any evidence the judge considered at the hearing supported his ruling that the "plaintiff has not shown any ground or legal basis for any grant of such injunction." See *Pennsylvania Poorboy v. Robbins Restaurant,* 238 Ga. 539 (1977).

2. The discretion of a trial judge in refusing to consolidate cases will not be disturbed unless there is a clear showing of abuse of discretion to the detriment of the movant. *Maslia v. DiMauro,* 232 Ga. 546 (207 SE2d 509) (1974).

The only equitable relief sought by the appellant in his superior court action is cancellation of the broker's note and an injunction of the state court proceeding. If the state court proceeding is not enjoined the equitable relief sought by the appellant would be achieved in the state court action by a judgment for the defendant. "A verdict and judgment in favor of the defendant in a suit on a note as effectually cancels the note as would a decree in equity; and a suit thereon in city court will not be enjoined in order that the superior court as a court of equity may decree a cancellation of the note." *Haygood v. Improved Order of Samaritans,* 185 Ga. 347 (2) (195 SE 164) (1938). See also *B & J Bonding Co. v. Bell,* 232 Ga. 623, 626 (208 SE2d 555) (1974); *Stein Steel & Supply Co. v. Briggs Mfg. Co.,* 219 Ga. 779 (135 SE2d 862) (1964). The result in these cases is not to be confused with those cases in which the equitable relief sought in the superior court action could not be achieved by winning the state court suit. In such cases an injunction of the lower court action may be proper. See, e.g. *Robertson v. Barber,* 229 Ga. 553 (2) (193 SE2d 9) (1972) (personal injury); *Carswell v. Scott,* 225 Ga. 798 (171 SE2d 499) (1969) (title to land).

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan and Ingram, JJ., concur. Hill, J., concurs in the judgment only.*

Argued February 16, 1977 — Decided April 5, 1977.

*Katz, Paller & Land, G. Roger Land, John E.*

*Robinson,* for appellant.

*O'Callaghan, Saunders & Stumm, Richard L. Stumm,* for appellees.