61433. DECK et al. v. ZONING BOARD OF APPEALS OF THE CITY OF DECATUR et al.

POPE, Judge.

Appellants brought this action in the Superior Court of DeKalb County appealing a decision of the Zoning Board of Appeals of the City of Decatur (hereinafter "Board") which approved a proposed plan of development for property owned by appellee Wales W. Thomas & Associates Inc. and seeking an injunction against the commencement of any construction, clearing or "any action affecting drainage from the property." After hearing oral arguments by all parties, the trial court granted appellees' motions to dismiss for failure to state a claim pursuant to Code Ann. § 81A-112 (b) (6).

The pertinent portions of their complaint allege that appellants "are persons with a special interest in the decision of [the] Board, being adjacent and neighboring property owners" and "would be irreparably damaged and the drainage of the property permanently changed if [the Board] is not enjoined from permitting the commencement of building or clearing." Appellants sought inter alia a de novo jury trial and interlocutory and permanent injunctions.

Appellants assert that the sole issue presented by this appeal is whether they had standing to appeal the Board's decision. We disagree. Assuming arguendo that appellants' pleading set forth sufficient facts as to their being aggrieved in order to withstand a motion to dismiss on the issue of standing (see Tate v. Stephens, 245 Ga. 519 (265 SE2d 811) (1980); Judd v. Valdosta/Lowndes County Zoning Board of Appeals, 147 Ga. App. 128 (1a) (248 SE2d 196) (1978); see generally Guthrie v. Monumental Properties, Inc., 141 Ga. App. 21, 23 (232 SE2d 369) (1977)), appellants nevertheless failed to properly set forth a claim upon which relief could have been granted.

"Code Ann. § 81-110 provides that petitions for injunctions shall be 'verified positively by the petitioner or supported by other satisfactory proofs.' This Code section was not repealed by the Civil Practice Act and is still the applicable law with respect to petitions for injunctions. See Code Ann. Ch. 81A-2. In Lewis v. Citizens

*Exchange Bank,* 229 Ga. 333 (191 SE2d 49) (1972), [the Supreme Court] held that a complaint seeking injunctive relief should be dismissed where the plaintiff introduces no affidavit, verification or other proof. The complaint in this case was not verified by [appellants], nor did [they] introduce any affidavits in support of their claims . . . Furthermore, we do not have a transcript of the hearing [on the motions to dismiss] to review. Based on the record we do have, we must presume that any evidence the judge considered at the hearing supported his ruling . . ." *Bernath v. Malloy,* 238 Ga. 584, 585-586 (234 SE2d 502) (1977). In any event, appellants may not appeal a decision of the Board to a jury. *Bentley v. Chastain,* 242 Ga. 348 (1) (249 SE2d 38) (1978).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 19, 1981 —
REHEARING DENIED JULY 28, 1981.

*Wayne M. Purdom,* for appellants.
*Thomas O. Davis, R. Phillip Shinall III,* for appellees.